**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Charles H. MARTIN, Defendant–Appellant.**

**Nos. 00–6700, 00–6701.**

United States Court of Appeals, Sixth Circuit.

Aug. 21, 2002.

Before KENNEDY,
SUHRHEINRICH, and BATCHELDER,
Circuit Judges.

BATCHELDER, Circuit Judge.

Defendant Charles H. Martin appeals his conviction on tax law violations and being a felon in possession of a firearm. Martin argues that his plea agreements were internally inconsistent and confusing, that the Government breached the plea agreements, that he should have been permitted to withdraw his guilty pleas, and that his trial counsel was ineffective.

Finding that these claims are without merit we affirm.

## I.

On April 14, 1998, a grand jury for the Eastern District of Tennessee returned a forty-four count indictment against Martin charging him with four counts of obstructing and impeding federal internal revenue laws in violation of 26 U.S.C. § 7212(a), and forty counts of filing false tax returns in violation of 18 U.S.C. §§ 287 and 2. In the ensuing months, Martin sought and obtained a number of continuances of the trial date, and persuaded the district court to dismiss two successive attorneys appointed to represent him. Martin also sought a mental examination, entered and later withdrew a notice of insanity defense, and underwent—at the instance of the district court—a competency hearing that resulted in his being found competent to stand trial.

On June 15, 1999, an additional indictment was returned against Martin, charging him with two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Finally, after requesting and obtaining additional continuances, Martin executed written plea agreements in both cases, and pleaded guilty to counts one through four of the first indictment and to count two of the second indictment. Each of the plea agreements states, in relevant part:

10. At the time of sentencing, the United States will bring to the Court's attention the nature, extent and value of the defendant's cooperation. This information will be provided to the Court so that it may be considered in determining a fair and appropriate sentence under the fact of the case. If, in the opinion of the United States, the defendant renders substantial assistance within the meaning of U.S.S.G. § 5K.1, the United

States will file a motion pursuant to this provision.

On September 11, 2000, Martin filed a motion to withdraw his plea, giving as his reasons that:

a. He did not understand what he was doing at the time he entered his pleas of guilty. He also did not understand what he was signing when he signed his plea agreement.

b. He was under a great deal of stress due to his recent incarceration which diminished his ability to understand what he was doing.

c. He misunderstood the concept of co-operation with the government. He was under the false impression that if he told the government what he knew that he would be entitled to a motion for a downward departure and a reduction of his sentence. He further believed that his sentence would be reduced by approximately 50%.

That same day, the Government filed its response to Martin's motion, which also advised the district court of the nature and extent of Martin's cooperation. The district court denied Martin's motion and sentenced him to sixteen months on counts one through four of the first indictment and sixteen months on count two of the second indictment all to run concurrently.

## II.

We review for abuse of discretion Martin's claim that the district court erred when it denied his motion to withdraw his guilty pleas. *United States v. Hunt,* 205 F.3d 931, 936–37 (6th Cir.2000).

A defendant does not have a right to withdraw a guilty plea. *United States v. Spencer,* 836 F.2d 236, 238 (6th Cir.1987). Federal Rule of Criminal Procedure 32(e) provides that a court may permit the withdrawal of a plea if the defendant "shows any fair and just reason." Martin has the burden of showing that withdrawal is justified. *United States v. Baez,* 87 F.3d 805, 808 (6th Cir.1996). This circuit requires that a court must consider seven factors when deciding whether to grant a motion to withdraw:

(1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Bashara,* 27 F.3d 1174, 1181 (6th Cir.1994), *overruled in part on other grounds by statute as stated in United States v. Caseslorente,* 220 F.3d 727, 734–35 (6th Cir.2000).

In this case the district court went through each factor in turn and determined that Martin had not advanced a reason sufficient to justify the granting of his motion. The court noted that Martin had waited over six months after entering his pleas to file his motion to withdraw them and had provided the court no reason for that delay beyond his having been advised by the Government that it did not intend to move for a downward departure. The court observed that Martin had never indicated that he was innocent; that the record demonstrated that Martin's plea was knowing, voluntary, and intelligent; and that Martin had considerable prior experience in the criminal justice system and was well acquainted with its workings. Finally, noting that it was not necessary

that the court find that the Government would be prejudiced by withdrawal of the plea, the court acknowledged that the Government might suffer prejudice if the motion were granted because it had stopped keeping track of the numerous witnesses for the case following entry of the pleas. In short, the court concluded that Martin's motion to withdraw his pleas was nothing more than a tactical maneuver, which would not suffice as a fair and just reason to withdraw the plea. We find no abuse of discretion here.

▇ Because Martin failed to raise before the district court either his claim that the plea agreements were internally inconsistent or his claim that the Government breached the plea agreement, we review for plain error. *United States v. Page,* 232 F.3d 536 (6th Cir.2001). To reverse for plain error the reviewing court must find: (1) error that (2) is plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of the judiciary. *Id.* at 544.

To the extent that we understand Martin's claim that the plea agreements are internally inconsistent, we find no merit to the claim and no error whatever, let alone plain error. We have read those agreements, and they leave no room for doubt that whether the cooperation provided by Martin—if any—is of a kind or degree to warrant a motion for a downward departure is entirely, solely and exclusively within the discretion of the Government. The provisions of that agreement cited by Martin as being internally inconsistent are not inconsistent at all. Whatever "uncertainty" Martin may now claim was in his mind with regard to the agreement's provisions, and whatever he may now claim that he "anticipated" the Government would do with regard to a motion for downward departure, he cannot demonstrate that his uncertainty or anticipation had its genesis in the plea agreements.

Martin claims on appeal that the Government violated paragraph ten of each of the plea agreements by failing to inform the district court of the nature, extent and value of his cooperation with the Government. There is no merit whatever to this claim either. The record proves that the Government did comply with the plea agreements, which required that "at the time of sentencing," the Government would advise the court of Martin's cooperation, if any. On September 11, 2000, some two months before Martin was sentenced, the Government—albeit in response to Martin's motion to withdraw his pleas—detailed the extent and value of his cooperation, including the fact that Martin had provided information that proved to be false, and information that was largely useless because it was not new to the Government.

▇ Martin's last assignment of error is that his trial counsel was ineffective for failing to raise before the district court the foregoing issues regarding the pleas and the plea agreements. We ordinarily do not entertain on direct appeal claims of ineffective assistance of counsel. *United States v. Fortson,* 194 F.3d 730, 736 (6th Cir.1999) ("This court generally does not review claims of ineffective assistance of counsel for the first time on appeal, instead requiring that a record be developed pursuant to a motion under 28 U.S.C. § 2255.") In this case, however, we will make an exception. It is clear beyond peradventure that Martin's claims with regard to the plea agreements, his attempt to withdraw his pleas and his claims that the Government breached the plea agreements are wholly meritless. Failure of trial counsel to raise wholly meritless claims cannot be ineffective assistance of counsel. *See Strickland v. Washington,*

466 U.S. 668, 686–87, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This claim is meritless as well.

## CONCLUSION

For all of the foregoing reasons, we **AFFIRM** the judgment of the district court.