**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kevin C. THOMAS, Defendant–**
**Appellant.**

No. 00–3153.

United States Court of Appeals,
Sixth Circuit.

April 3, 2001.

Before COLE and GILMAN, Circuit Judges; BORMAN, District Judge.*

## OPINION

BORMAN, District Judge.

Defendant Kevin Thomas appeals the sentence imposed following his guilty plea to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). Defendant was sentenced to a term of 15 years (180 months) imprisonment. At issue is whether the district court properly applied the sentence enhancement found in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

The specific issues presented in this appeal are: 1) whether Defendant waived or forfeited his objections to the imposition of the Armed Career Criminal Act ("ACCA") sentence enhancement, 18 U.S.C. § 924(e), by not continuing his objection raised in a sentencing memorandum, at the sentencing hearing; 2) whether the Notice of prior convictions filed by the Government, pursuant to the ACCA, and the Presen-

tence Investigation Report ("PSR") discussion of those prior convictions, were sufficient evidence for the district court to rely on to find that Defendant met the requirements for sentence enhancement under the ACCA; and, 3) whether, upon review, Defendant's prior convictions are sufficient to meet the requirements for enhancement under the ACCA. Because our review of the record establishes that Defendant has three prior qualifying convictions for ACCA sentence enhancement, we will AFFIRM the judgment of the district court.

## I.  BACKGROUND

### A.  Factual Background

In October of 1996, Defendant purchased a .12 gauge shotgun from Vance's Shooters Supplies, Inc., in Columbus, Ohio. Defendant used false identification in the form of an Ohio driver's license, issued in the name of "Robert Long," to purchase the weapon. Defendant further failed to disclose on the Bureau of Alcohol, Tobacco, and Firearms ("ATF") Form 4473 that he had previously been convicted of criminal offenses in New York.

In December of 1996, a homicide occurred at the residence where Defendant had stored his firearm, and the victim died of .12 gauge shotgun wounds.[1] During the investigation of that crime, Columbus police officers executed a search warrant, and found a box that had held the shotgun. Officers traced the shotgun back to "Robert Long," and then discovered that Defendant Kevin Thomas had falsified his identity to purchase the shotgun. Officers further discovered that Defendant had also falsified the ATF Form by answering "no"

---

* The Honorable Paul D. Borman, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. The Presentence Investigation Report ("PSR") indicates that "[i]t should be noted

that there is no evidence suggesting that the defendant used the shotgun he purchased in connection with the homicide which occurred on December 29, 1996." (PSR, Joint App. Vol. 2, at 57, ¶ 13).

to the question of whether he had any prior convictions which could have resulted in a term of more than one year in prison.

Accordingly, an arrest warrant was issued for Defendant. He was arrested in New York and transported to Ohio in May of 1999.

### B. Procedural Background

A federal grand jury in the Southern District of Ohio indicted Defendant on July 8, 1999, in a two count indictment: one count of purchasing a firearm using false identification, under 18 U.S.C. §§ 922(a)(6) & 924(a)(2), and one count of possession of a firearm by a convicted felon, under 18 U.S.C. §§ 922(g)(1) & 924(a)(2).

On August 24, 1999, the United States filed a Notice of Armed Career Criminal Sentencing Enhancement, pursuant to 18 U.S.C. § 924(e), listing four prior convictions.

On September 24, 1999, Defendant pleaded guilty to count two of the instant indictment, possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). While the maximum statutory penalty for this offense under § 924(a)(2) is ordinarily ten (10) years, because the United States had filed a Notice of Enhancement under the Armed Career Criminal Act (18 U.S.C. § 924(e)), a mandatory minimum fifteen (15) year sentence would apply, upon proof of three previous convictions for a violent felony or a serious drug offense.

The Government's Notice of Armed Career Criminal Sentencing Enhancement Pursuant to 18 U.S.C. § 924(e) listed the four prior convictions as follows.

| Date of Conviction | Crime and Date of Offense | Case No. |
|---|---|---|
| 1. February 28, 1986 | Attempted robbery, second degree (Supreme Court of the State of New York, Queens County) January 17, 1985 | 938–85 |
| 2. February 28, 1986 | Attempted robbery, second degree (Supreme Court of the State of New York, Queens County) July 15, 1985 | 3487–85 |
| 3. March 20, 1986 | Att. crim. poss. of a controlled substance, third degree (Supreme Court of the State of New York, Queens County) January 12, 1986 | 288–86 |
| 4. March 14, 1991 | Att. crim. poss. of a controlled substance, fifth degree (Supreme Court of the State of New York, Queens County) July 27, 1990 | N12506–95 |

The PSR listed these four prior convictions, and included a brief description of each offense *seriatim* (e.g., Class B felony, etc.). As to the third listed conviction— March 20, 1986—which is critical in this court's analysis of Defendant's claims,[2] the PSR stated:

This conviction was Count 1 of the Indictment, charging the defendant with Criminal Possession of a Controlled Substance in the third degree which carries a maximum term of imprisonment of 15 years. The count charges that on or about January 12, 1986, the defendant knowingly and unlawfully possessed *a*

---

2. As discussed *infra*, the third listed conviction is the critical third-required conviction for the ACCA enhancement. Convictions 1 and 2 (for attempted robbery), on their face, support ACCA enhancement; conviction 4, on its face, fails to support enhancement because the maximum statutory term of imprisonment is four years. *See infra* n. 8.

*narcotic drug* which was cocaine *with intent to sell* the same....

(PSR, Joint App. Vol. 2, at 61 (emphasis added)).

The first two convictions for attempted robbery were consolidated for sentencing on February 28, 1996.[3] Defendant was sentenced on the third conviction (attempted criminal possession of a controlled substance, third degree) on March 20, 1986; that sentence was imposed to run concurrently with the prior sentences for the two robbery convictions.[4] The fourth conviction sentence (attempted criminal possession of a controlled substance, fifth degree) was imposed on July 27, 1990. The third and fourth convictions were both for attempted criminal possession of a controlled substance.

The PSR recommended application of the Armed Career Criminal Act sentencing enhancement under 18 U.S.C. § 924(e), which would subject Defendant to a mandatory minimum sentence of fifteen (15) years imprisonment.

Defendant filed an objection to the PSR's conclusion that his prior convictions brought him under the ACCA mandatory 15 year sentence. Defendant contended the four prior convictions set forth in the Government's Notice and the PSR should not be counted as four separate convictions, because three of these convictions (two robbery convictions and one narcotics conviction, Case numbers 938–85, 3487–85, and 288–86) "were consolidated for trial and sentencing." Thus, Defendant contended that these three offenses were related, and each one could not be treated as a separate conviction for the three convic-

tions required to support the ACCA enhancement.

At the sentencing hearing, the district court inquired of defense counsel on three occasions as to whether there were any objections to the PSR, the applicable guideline offense level, or the 180–month sentence. Each time, defense counsel stated that there were no objections. The district court then sentenced Defendant under the ACCA to 180 months imprisonment, 5 years supervised release, a $5,000 fine, and a special assessment.

## II. ANALYSIS

Defendant challenges the application of the ACCA enhancement (15 year mandatory minimum) in his sentencing. Defendant's arguments are two-fold: first, that the evidence in front of the district court (i .e., the Notice and the PSR) was insufficient to accurately establish the prior convictions; second, that two of his prior (drug) convictions dealt with the charge of attempt, which he argues is, on its face, insufficient to qualify as a serious drug offense as defined in the statute.

### A. Standard of Review

We must first decide whether Defendant forfeited, or waived, his objection to the district court's sentencing decision to apply the ACCA enhancement. Defendant argues that he simply forfeited his objection by failing to raise it timely, and thus, this court can review the alleged error under FED. R. CRIM. P. 52(b). The Government argues that he waived his objection,

---

**3.** Defendant was not yet eighteen (18) years old when he committed each of the first three offenses. He was, however, tried as an adult for each offense. (PSR, Joint App. Vol. 2, at 59–62). Defendant has not challenged this.

**4.** Contrary to Defendant's objections found in the Addendum to the PSR, conviction number 3 was not consolidated with convictions number 1 and 2 for sentencing. Rather, Defendant's sentences on all three of these offenses were simply to run concurrently.

and thus, the issue is not properly before this court.

Rule 52(b) of the Federal Rules of Criminal Procedure provides: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court ." The rule thus requires: 1) that an error was committed in the trial court; 2) that the error is "plain," (i.e., obvious, or clear); and 3) that such plain error affected the substantial rights of the appellant. *See United States v. Olano,* 507 U.S. 725, 732–34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). If any one of the three analyses fails, the appeals court has no authority to correct the alleged error. *See id.* at 741, 113 S.Ct. 1770.

█ The Supreme Court has held that this rule is "permissive, not mandatory. If the forfeited error is 'plain' and 'affect[s] substantial rights,' the court of appeals has authority to order correction, but is not required to do so." *Olano,* 507 U.S. at 735, 113 S.Ct. 1770 (alteration in original); *see also United States v. Kingsley,* 241 F.3d 828, 842 (6th Cir.2001) (Gilman, J., concurring) ("The Supreme Court and numerous federal courts have repeatedly stated that the plain error doctrine is to be used sparingly, only in exceptional circumstances, and solely to avoid a miscarriage of justice.") (internal citations omitted); *United States v. Thomas,* 11 F.3d 620, 630 (6th Cir.1993) (fourth factor in plain error analysis is whether appeals court should exercise its discretionary power under Rule 52(b)).

As noted above, the Government cites four decisions it alleges support its position on waiver, but ultimately concedes that this court can undertake a plain error analysis. None of the four decisions cited by the Government precludes our review of the issues raised in this case. Because FED. R. CRIM. P. 52(b) is a discretionary rule, this court's simple declination to use it in a particular case does not preclude its use in any other case.

Furthermore, this court has, on numerous occasions, undertaken a plain error analysis in cases substantially similar to the instant appeal, wherein a defendant failed to raise a timely objection to the trial court's sentencing decision. *See, e.g., Kingsley, supra,* 241 F.3d at 835 ("[W]hen, as in the case *instanter,* the defendant *neglected to preserve,* in the trial court, proper objection(s) ... and/or to allege any deficiency in the lower court's supporting findings, an appellate court examines those ... findings pursuant to the *heightened* 'plain error' measure.") (emphasis in original); *United States v. Koeberlein,* 161 F.3d 946, 949 (6th Cir.1998) ("[F]ailure to raise a timely objection to a sentencing decision in the district court [does not] preclude[ ] us from conducting review for plain error on appeal."); *United States v. Hall,* 71 F.3d 569, 573 (6th Cir.1995) ("[W]here no objection is made to the order of restitution at sentencing, the appellate court reviews for plain error."); *United States v. Wells,* 431 F.2d 434 (6th Cir. 1970); *cf. United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir.1996) ("Although the government forfeited its objections to Barajas–Nunez's sentence, we will review the sentence for plain error.").

█ In this case, although Defendant did make an objection to the application of the ACCA enhancement, as noted in the Addendum to the PSR, his objection dealt with whether his multiple convictions, involving offenses occurring on separate dates but consolidated for sentencing on the same day, were separate offenses for purposes of the ACCA.[5] Defendant did not

---

**5.** The Court notes that the recent Supreme

Court decision in *Buford v. United States,* ——

object at sentencing to the sufficiency of the PSR's evidence of his prior convictions, nor did he object to the use of his two prior narcotics convictions on the ground that they were for attempted criminal possession, and that attempted narcotics convictions were not included under 18 U.S.C. § 924(e).

We find that Defendant forfeited those objections. Accordingly, we will now undertake a plain error analysis to determine whether we have authority to correct any alleged error in Defendant's sentence.

### B. Analysis of Defendant's Sentence

1. *The District Court Did Not Err by Relying on Notice and PSR for Prior Convictions*

a. *The Requisite Evidentiary Basis under Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)*

■ Defendant's first alleged defect is that the trial court erred in relying solely on the Government's Notice and/or the PSR information regarding the prior convictions in determining whether Defendant was subject to the ACCA sentence enhancement. Defendant does not cite any statutory or case law to support this proposition. However, we are guided in our analysis by the Supreme Court's decision in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), this circuit's en banc decision in *United States v. Kaplansky*, 42 F.3d 320 (6th Cir. 1994) (en banc), and our sister circuit's

decision in *United States v. Martinez–Cortez*, 988 F.2d 1408 (5th Cir.1993).

In *Taylor*, the Supreme Court was faced with the task of resolving a circuit split to determine whether the defendant's Missouri conviction for second-degree burglary fit within the definition of "burglary" under the ACCA, and thus whether the defendant was subject to the sentence enhancement. *Taylor*, 495 U .S. at 577, 110 S.Ct. 2143. First, the Court noted that the term "burglary" does not have a set meaning, and that states can and do define it in various ways. The Court then undertook a review of the background of the ACCA, 18 U.S.C. § 924(e). The Court found that the history of the enhancement provision shows that Congress intended to limit application of the ACCA to that class of offenders with histories of committing fairly serious crimes. The Court found that burglary was included in the list of crimes because of its potential for violence. *Id.* at 588–90, 110 S.Ct. 2143.

The *Taylor* Court rejected the view that Congress intended the ACCA "burglary" term to include each and every state statute that happened to label specific conduct as "burglary." *Id.* at 590–92, 110 S.Ct. 2143. The Court decided that Congress meant for "burglary" to have a "uniform definition independent of the labels employed by the various States' criminal codes." *Id.* at 592, 110 S.Ct. 2143. The Court then undertook to define "burglary." *Id.* at 592–99, 110 S.Ct. 2143.

In applying its definition of "burglary" to the case at hand, the *Taylor* Court addressed how a trial court should deter-

---

U.S. ——, 121 S.Ct. 1276, —— L.Ed.2d——, 2001 WL 265345, at *2 (U.S. Mar. 20, 2001), dealt with the applicable standard of review "when a court of appeals reviews a trial court's Sentencing Guideline determination as to whether an offender's prior convictions were consolidated, hence 'related,' for purposes of sentencing."

In contrast, the district court's decision in the instant case dealt with the ACCA statute, rather than the Sentencing Guidelines. Further, the district court's determination as to consolidation/relation of certain of Defendant's prior convictions was not appealed in the instant case.

mine what evidence would be sufficient under the ACCA to show that a defendant was convicted of "burglary." *Id.* at 600, 110 S.Ct. 2143. The Court held that the practice in the circuit courts, which had been looking to the statutory definitions of the prior offenses, was the required inquiry under the ACCA. *Id.* at 600–02, 110 S.Ct. 2143. The Court stated:

> The Courts of Appeals uniformly have held that § 924(e) mandates a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions. We find the reasoning of these cases persuasive.

*Id.* at 600, 110 S.Ct. 2143 (case citations omitted). The Court later stated:

> We think the only plausible interpretation of § 924(e)(2)(B)(ii) is that, like the rest of the enhancement statute, it generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense.

*Id.* at 602, 110 S.Ct. 2143 (footnote omitted). The Court then held that "an offense constitutes 'burglary' for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." *Id.* at 602, 110 S.Ct. 2143.

In *Kaplansky*, the Sixth Circuit undertook to apply the *Taylor* decision to the facts in that case. At sentencing and on appeal, Kaplansky challenged the district court's application of the ACCA enhancement to his sentence. He argued that his prior conviction for attempted kidnapping under Ohio law was not a "violent felony" under the ACCA because the statute under which he was convicted provided that the kidnapping could occur by "force, threat, or deception." *Kaplansky,* 42 F.3d

at 321. The appeals court recognized that under the *Taylor* decision. "sentencing courts should look to the statutory definition of the crime charged, rather than the actual facts of the individual's prior conviction. . . . When the defendant's conviction is by way of guilty plea, it is appropriate under *Taylor* to look to the indictment and guilty plea." *Id.* at 322. The court then undertook to analyze the Ohio kidnapping statute under which the defendant pleaded guilty, and determined that because attempted kidnapping presented "a serious potential risk of physical injury to another" (18 U.S.C. § 924(e)(2)(B)(ii)), it qualified as a "violent felony" conviction for purposes of an ACCA enhancement. *Id.* at 323–24.

*Martinez–Cortez* contains a narcotics-conviction issue similar to the instant appeal. Martinez–Cortez challenged the trial court's application of the ACCA enhancement to his sentence. He argued that the PSR's list of his prior convictions was an insufficient evidentiary basis under *Taylor* to support the enhancement. *Martinez–Cortez,* 988 F.2d at 1409–10. The Fifth Circuit noted, as a preliminary matter, that one of Martinez–Cortez's drug convictions was for possession of heroin, and that simple possession without "intent to distribute" does not qualify as a serious drug offense under the ACCA. *Id.* at 1410. Because the record confirmed that the heroin possession conviction did not deal with any intent to distribute, the Fifth Circuit held that that conviction could not support enhancement. *Id.*

The Fifth Circuit then analyzed whether Martinez–Cortez's burglary conviction was established by sufficient evidence in order for the trial court to determine whether it fit the *Taylor* definition of burglary for purposes of the ACCA. *Id.* at 1410. The court first noted that because Martinez–Cortez had not raised this objection at

sentencing, the appeals court was limited to a plain error analysis. *Id.* at 1410–11. The court found that the government had failed to produce *Taylor*-type evidence (e.g., a copy of the statute or charging papers) of the elements of the burglary conviction, and thus, that the district court's reliance upon the simple PSR reference to burglary was error. *Id.* at 1413, 1416.

The court stated that had Martinez–Cortez objected at sentencing, the government would have been forced either to present sufficient evidence, or lose the enhancement. *Id.* at 1416. The Fifth Circuit then undertook to analyze the Texas statute under which Martinez–Cortez was convicted for burglary. *Id.* The court found that because his conviction did in fact meet the definition of burglary within the meaning of *Taylor* and 18 U.S.C. § 924(e), the error in the district court was not "plain error" because the enhancement was still proper. *Id.* at 1416–17. Thus, the court affirmed the district court's application of the ACCA enhancement to Martinez–Cortez's sentence. *Id.* at 1417.

> b. *"Violent Felony" and "Serious Drug Offense" Under 18 U.S.C. § 924(e)*

The Armed Career Criminal Act provides for a sentence enhancement for a felon subsequently convicted of possession of firearm, in violation of 18 U.S.C. § 922(g), if the felon has three previous convictions for a violent felony or serious drug offense. 18 U.S.C. § 924(e). The sentence enhancement includes, *inter alia,* a minimum term of imprisonment of fifteen years. The statute defines the term "violent felony" as:

> ... any crime punishable by imprisonment for a term exceeding one year, ..., that—
>
> (i) has as an element the use, attempted use, or threatened use of

physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* § 924(e)(2)(B). The statute defines the term "serious drug offense" as:

> ... an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance ... for which a maximum term of imprisonment of ten years or more is prescribed by law.

*Id.* § 924(e)(2)(A)(ii).

Simple possession is not a "serious drug offense" under the ACCA, and cannot be used to support enhancement. *See, e.g., Martinez–Cortez,* 988 F.2d at 1410. The language of the ACCA provision requires that the drug offense "involv[e] manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." 18 U.S.C. § 924(e)(2)(A)(ii). The ACCA also requires that, in order for the drug offense to qualify as "serious," the legislature must have prescribed a maximum term of imprisonment of ten years or more. *Id.*

> c. *Defendant's Prior Convictions*

Both the Government's "Notice of Armed Career Criminal Sentencing Enhancement Pursuant to 18 U.S.C. § 924(e)" [hereinafter "Notice"], and the PSR list the four prior convictions at issue: (1) attempted robbery, second degree; (2) attempted robbery, second degree; (3) attempted criminal possession of a controlled substance, third degree; and, (4) attempted criminal possession of a controlled substance, fifth degree.

Defendant did not object to the sufficiency or accurateness of the Notice's or the PSR's descriptions of the prior convictions. Defendant also did not challenge the existence of the prior convictions. Had Defendant objected, the district court, pursuant to FED. R. CRIM. P. 32(c)(1), would have had to make a specific finding regarding the challenged convictions. Defendant has not produced any evidence which would call into question the existence or accuracy of the prior convictions as described in the Notice and PSR. Absent such evidence, and given that Defendant failed to object at sentencing, we find that the district court did not err by relying on the information before it (the Notice and PSR) to establish the existence of, and circumstances surrounding. Defendant's prior convictions.

■ As to whether the prior convictions met the requirements for an ACCA enhancement, the district court properly counted the two prior attempted robbery convictions in support of an ACCA enhancement, because the statutory definition of "violent felony" includes attempts. The PSR listed the different dates the crimes were committed. Thus, the district court was aware that these were "committed on occasions different from one another." *Id.* § 924(e)(1).[6] Because Defendant was sentenced to 16 months to 4 years for each of the attempted robbery convictions,

the district court could deduce that it was a "crime punishable by imprisonment for a term exceeding one year." Finally, 18 U.S.C. § 924(e)(2)(B)(i) includes the element of "attempted use" of force in its definition of "violent felony;" attempted robbery would fit that definition.

■ In order for either of the two prior convictions for attempted criminal possession of a controlled substance to qualify to support an ACCA enhancement[7] as a "serious drug offense," they would have had to: (1) involve possession for the purpose of manufacturing or distributing the drug, and (2) have a maximum statutory term of imprisonment of at least ten years. *Id.* § 924(e)(2)(A)(ii).

As noted above, under *Taylor* and *Kaplansky,* it is proper for this court to review the indictment and statutory definition of the crime, without looking to the underlying facts, to determine whether a prior conviction qualifies under the ACCA to support enhancement.

The district court in this case did not commit error by relying on Defendant's prior 1986 conviction for attempted criminal possession of a controlled substance, third degree, which carried a maximum sentence of more than 10 years.[8] Our review of the PSR's discussion as to that conviction leads us to the conclusion that it

---

6. As long as the offenses were committed on different occasions, it does not matter, for purposes of the ACCA, that they were adjudicated together. *See United States v. Hayes,* 951 F.2d 707, 709–10 (6th Cir.1991).

Defendant was under 18 at the time of the crimes/convictions, but he was tried as an adult. Under the Federal Sentencing Guidelines, these convictions would count as adult convictions. *See, e.g., United States v. Muhammad,* 948 F.2d 1449, 1459 (6th Cir.1991). Furthermore, the ACCA allows juvenile convictions to count as convictions under 18 U.S.C. § 924(e)(2)(C).

7. The PSR listed different dates regarding the controlled substance offenses. Thus, the district court was aware that these were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

8. Because the fourth prior conviction, the 1990 attempted criminal possession of a controlled substance conviction, was a class E felony, for which the maximum term of imprisonment was four (4) years (N.Y. PENAL LAW § 70.02(e) (1975)), it does not qualify as a serious drug offense under the ACCA (ten year maximum required).

qualifies as a serious drug offense under 18 U.S.C. § 924(e)(2)(A)(ii).

Although neither the Notice nor the specific PSR listing of the drug convictions included the terms "intent to manufacture or distribute," language required under 18 U.S.C. § 924(e)(2)(A)(ii), the district court had additional relevant information contained in the PSR before it at the sentencing hearing to enable it to properly conclude that the 1986 drug conviction qualified under the ACCA. The PSR explanation of the third conviction's original indictment (to which the Defendant did not object), explained that Defendant was charged with possession of a narcotic drug with intent to sell:

> This conviction was Count 1 of the Indictment, charging the defendant with Criminal Possession of a Controlled Substance in the third degree which carries a maximum term of imprisonment of 15 years. The count charges that on or about January 12, 1986, the defendant knowingly and unlawfully possessed *a narcotic drug* which was cocaine *with intent to sell* the same....

(PSR, Joint App. Vol. 2, at 61 (emphasis added)). Thus, the evidence before the district court established that this conviction met the requirement that the conviction "involv[e] ... possessing *with intent to ... distribute*" (18 U.S.C. § 924(e)(2)(A)(ii) (emphasis added)), as required by the ACCA. Because the maximum term for that offense was "ten years or more" (*id.* § 924(e)(2)(A)(ii)), it qualified, on that issue, as a prior conviction under the ACCA.

Although the statutory definition of "serious drug offense" does not specifically mention "attempts" (18 U.S.C. § 924(e)(2)(A)(ii)), as does the definition of "violent felony," that does not impel the conclusion that the instant third conviction—attempted possession of a controlled substance—does not qualify as a prior conviction under the ACCA.

Congress took a different tack in defining a serious drug offense than it did in defining a violent felony offense. By using the terms "involving" and "ten years" in defining a serious drug offense, the statute included offenses involving narcotics that satisfy two prerequisites: an involvement in manufacturing or distributing, and a maximum term of imprisonment of ten years or more.

As to the instant case, it is clear that (1) an attempt narcotics conviction "involves" narcotics, and (2) this narcotics conviction for attempted possession involved an intent to distribute, as set forth in the PSR.[9] Finally, the instant 1986 attempt conviction carried a maximum sentence of ten years or more.

Accordingly, since Defendant's 1986 narcotics conviction satisfies the prerequisites for inclusion under the "serious drug offense" definition—his conviction "involv[ed] ... possessing with intent to ... distribute," and the maximum term prescribed by the New York legislature was "more than ten years"—this conviction qualifies as a "serious drug offense" under the ACCA, and provides the third prior

---

9. Further, there was no separate offense under the New York Penal Code, as it read in 1986, for attempted criminal possession of a controlled substance. Rather, attempts were to be punished at one felony class level below that of the completed substantive offense. N.Y. PENAL LAW § 110.05 (1975). Thus, Defendant's conviction for attempted criminal possession of a controlled substance, third degree, was a class C felony, since the substantive offense would have been a class B felony. N.Y. PENAL LAW § 220.16(1) (1980); N.Y. PENAL LAW § 110.05(5) (1975). Class C felonies carried a maximum term of imprisonment of fifteen (15) years. N.Y. PENAL LAW § 70.00(2)(c) (1975).

conviction required to support ACCA enhancement.

Because Defendant had three prior convictions meeting the statutory requirements of 18 U.S.C. § 924(e), his sentence was properly enhanced under the ACCA, and his 15 year term of imprisonment must stand.

### III.  CONCLUSION

A review of the record shows that the district court's application of the Armed Career Criminal Act sentence enhancement was proper.  Because there is no error, the judgment of the district court is AFFIRMED.