**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0757n.06
Filed: December 12, 2008

**No. 07-5503**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| **HOWARD HICKMAN**, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

**BEFORE:** **COLE and COOK, Circuit Judges; and EDMUNDS,\* District Judge.**

**COLE, Circuit Judge.** Defendant-Appellant Howard Hickman ("Hickman") pleaded guilty

to conspiracy to manufacture, distribute, and possess methamphetamine and to being a felon in

possession of a firearm. He appeals his sentence and the district court's denial of his motion to

withdraw his guilty plea. He raises the following four arguments on appeal: that (1) he did not

knowingly and voluntarily waive his right to appeal his sentence; (2) the district court improperly

determined that he is a career offender pursuant to U.S.S.G. § 4B1.1(a); (3) the district court

improperly determined that he is an armed career offender pursuant to U.S.S.G. § 4B1.4; and (4)

the district court improperly denied his motion to withdraw his guilty plea under Rule 11(d)(2) of

---

\*The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of
Michigan, sitting by designation.

the Federal Rules of Criminal Procedure. For the reasons discussed below, we **AFFIRM** the district court's sentence and denial of Hickman's motion to withdraw his guilty plea.

## I. BACKGROUND

On January 4, 2006, Hickman was indicted for conspiracy to manufacture, distribute, and possess with the intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841 (b)(1)(A) (Count One), possession of firearms by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Four), and possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Five). On January 11, 2006, the government filed a Notice of Enhancement, advising Hickman that he was subject to the sentencing enhancement provisions in 21 U.S.C. § 851. On April 7, 2006 Hickman entered into a plea agreement. On April 26, 2006, the district court held a plea hearing in which Hickman pleaded guilty to Count One and Count Four. The government dropped the charges related to a possession of firearms in furtherance of a drug trafficking crime in exchange for Hickman's guilty plea.

On January 3, 2007 Hickman filed a motion to withdraw his guilty plea. On that same day, Hickman's counsel requested appointment of new counsel to represent Hickman, which the court granted. New counsel was later appointed.

At the sentencing hearing on April 16, 2007, the district court adopted the recommended base offense level of 34, after grouping Counts One and Four and using the highest of the two calculations under U.S.S.G. § 3D1.2(c). Because of Hickman's two prior felony drug convictions the offense base level was enhanced to 37 based on Hickman's career offender status. However, the total offense level was reduced by three levels because of Hickman's acceptance of responsibility. The

resulting offense level after the district court reduced the offense level for responsibility was 34.

Additionally, Hickman's criminal history category was increased from IV to VI due to Hickman's

status as a career offender pursuant to U.S.S.G. § 4B1.1(b). Based on the total offense level of 34

and a criminal history category of VI, Hickman's advisory Guideline range for imprisonment was

262 to 327 months. The district court sentenced Hickman to concurrent terms of 230 months on

Counts One and Four. The district court acknowledged that the imposed sentence of 230 months

"is lower than the guideline range of 262 to 327 months," but that the term "is authorized by

application of note 4 of the [U.S. Sentencing Guidelines Manual §] 5G1.3." Hickman timely

appealed. On appeal, Hickman argues that (1) the district court improperly determined that he is a

career offender pursuant to U.S.S.G. 4B1.1(a); (2) the district court improperly determined that he

is an armed career offender pursuant to 4B1.4; (3) the district court improperly denied his motion

to withdraw his guilty plea under Rule 11(d)(2) of the Federal Rules of Criminal Procedure; and (4)

that he did not knowingly and voluntarily waive his right to appeal his sentence.

## II. ANALYSIS

### A.    Standard of Review

We review de novo the district court's interpretation of the Sentencing Guidelines, and we

review the district court's findings of fact at sentencing for clear error. *United States v. Canestraro*,

282 F.3d 427, 431 (6th Cir. 2002). In addition, we review de novo the district court's application

of the facts to the Sentencing Guidelines, because such application involves a mixed question of law

and fact. *United States v. Middleton*, 246 F.3d 825, 844 (6th Cir. 2001).

### B.    Waiver of Right to Appeal Sentencing

First, Hickman argues that he did not knowingly and voluntarily waive his right to appeal his sentence because he was not aware of the possibility that he could be classified as an armed career criminal until after he entered his guilty plea. The government has forfeited its right to enforce the appeal waiver provision in Hickman's plea agreement by deciding not to assert the waiver clause in its brief of appeal. *Hunter v. United States*, 160 F.3d 1109, 1113 (6th Cir. 1998) ("[T]he government can forfeit a waiver argument by failing to raise it."). Thus, we address the merits of Hickman's challenges to his sentencing.

**C.     Career Offender Calculation**

Hickman first challenges his sentence by arguing that the district court erred in computing his criminal history category. Hickman contends that his prior drug offenses were not related pursuant to U.S.S.G. § 4A1.2(a)(2) because they were part of a single common scheme or plan and should have been treated as one crime for sentencing purposes. Hickman did not object to his sentence at the sentencing hearing. Hickman's argument that his two prior convictions should not be considered related for the purposes of sentencing is raised for the first time on appeal. We therefore review his claim for plain error. *United States v. Caswell*, 456 F.3d 652, 655 (6th Cir. 2006) (citing *United States v. Oliver*, 397 F.3d 369, 377-78 (6th Cir. 2005)). Plain error is established if there is: (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*. (citing *Johnson v. United States*, 520 U.S. 461, 466-467 (1997). In applying the first prong of the plain-error test we must determine whether an error occurred. *Oliver*, 397 F.3d at 378.

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). Here, there is no question that the first and second prongs of § 4B1.1(a) are met. The sole issue is whether, under the third prong, Hickman's prior drug felonies may be deemed to have resulted in two prior convictions.

Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related case are to be treated as one sentence. U.S.S.G. § 4A1.2(a)(2) (2006). "Prior sentences are considered related if they resulted from offenses that (a) occurred on the same occasion, (b) were part of a single common scheme or plan, or (c) were consolidated for trial or sentencing." U.S.S.G. § 4A1.2(a)(2) n.3 (2006).

Hickman argues that the two felony convictions were related in that the convictions resulted from a common scheme or plan to earn money from the sale of drugs, as evidenced by the fact that the drug sales occurred in close proximity, and by the fact that he was sentenced for both offenses on the same date. In *United States v. Irons*, 196 F.3d 634, 637 (6th Cir. 1999), this Court concluded that crimes were part of the same scheme or plan only if the offenses were jointly planned, or, at least, that the commission of one offense necessarily required the commission of another. Hickman is, in essence, arguing that the offenses at issue were committed for the same purpose, to earn money from the sale of drugs. Even assuming, arguendo, that this is true, Hickman's common goal of earning money by selling drugs does not meet the burden set forth in *Irons* for a common scheme

or plan. Crimes are not part of the same scheme or plan merely because each was committed with the same purpose or common goal. *Id*. at 639. Accordingly, Hickman must do more than show that he sold drugs to further his goal of earning money in order to meet the *Irons* common scheme or plan burden.

Hickman fails to provide the necessary evidence to meet the *Irons* burden of common scheme or plan. Hickman failed to provide evidence that the two separate crimes of (1) selling diazepam and pentazocine in June 1992, and (2) selling marijuana on August 25, 1992 were planned at the same time or that the commission of one offense entailed the commission of the other. Specifically, Hickman failed to present evidence that at the same time he sold diazepam and pentazocine in June 1992, he decided that two months later he would sell marijuana. Nor did Hickman present evidence that he sold diazepam and pentazocine in order to later sell marijuana. Although Hickman was arrested on the same date for these crimes—February 4, 1993, and he was later sentenced on the same date— October 21, 1993, in the same courthouse, we do not find this sufficient evidence of joint planning. *See United States v. Emberton*, 47 F.App'x 292, 295 (unpublished) (noting "the fact that the arrest date is the same does not necessarily mean that the offenses are related."). The similar motivation to earn money does not convert these separate convictions for the sale of drugs into related cases within the meaning of § 4A1.2(b). We therefore conclude that the district court properly determined that Hickman is a career offender under § 4B1.1(a).

**D.      Armed Career Criminal Status**

Hickman also argues that the district court improperly determined that he is an armed career criminal pursuant to U.S.S.G. § 4B1.4. We need not reach the merits of Hickman's challenge

because its resolution will not affect Hickman's sentence. *See, e.g.*, *Williams v. United States*, 503 U.S. 193, 203 (1992) ("[I]n determinging whether a remand is required ..., a court of appeals must decide whether the district court would have imposed the same sentence had it not relied upon the invalid factor or factors."). During the hearing on Hickman's motion to withdraw his guilty plea, the district court stated that his prior felony burglary convictions were immaterial to the calculation of his advisory Guidelines range or the selection of his sentence.

Moreover, the offense level associated with Hickman's armed career criminal status was lower than the career offender status offense level. Hickman was classified as an armed career criminal based on his one prior conviction for an attempt to commit burglary and his three prior felony burglary convictions. The armed career criminal base level associated was 34. However, Hickman's offense base level was 37 due to Hickman's status as a career offender pursuant to U.S.S.G. § 4B1.1(a). The offense base level of 37, which was the highest adjusted offense level, was used to ultimately determine the Guideline range. Thus, the lower offense level associated with Hickman's armed career criminal status played no role in the Guideline range used to calculate Hickman's sentence. Accordingly, a determination by this Court that the district court improperly considered Hickman's status as an armed career criminal to impose his sentence will have no impact on Hickman's sentence. We therefore decline to address the merits of Hickman's armed career criminal claim, rejecting it as moot.

## E. Withdrawal of Guilty Plea

Finally, Hickman contends that the district court improperly denied his motion to withdraw his guilty plea under Rule 11(d)(2) of the Federal Rules of Criminal Procedure. We review the

denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Pluta*, 144 F.3d 968, 973 (6th Cir. 1998). A district court abuses its discretion when it relies on a clearly erroneous findings of fact, or when it improperly applies or uses an erroneous legal standard. *United States v. Lineback*, 330 F.3d 441, 443 (6th Cir. 2003) (quoting *United States v. Spikes*, 158 F.3d 913, 927 (6th Cir. 1998)).

Rule 11(d) of the Federal Rules of Criminal Procedure provides that a defendant may withdraw his guilty plea after the court has accepted the plea, but before sentence is imposed, if he provides a fair and just reason for the withdrawal. Fed. R. Crim. P. 11(d)(2). In *United States v. Bashara*, 27 F.3d 1174, 1180-81 (6th Cir. 1994), this Court enumerated several factors a district court may assess in evaluating whether a defendant has established a "fair and just" reason for withdrawal, namely: 1) the amount of time that elapsed between the plea and the motion to withdraw it; 2) the presence or absence of a valid reason for failure to move for withdrawal earlier in the proceeding; 3) whether the defendant has asserted or maintained his innocence; 4) the circumstances underlying the entry of the guilty plea; 5) the defendant's nature and background; 6) the degree to which the defendant has had prior experience with the criminal justice system; and 7) potential prejudice to the government if the motion to withdraw is granted. The factors listed above constitute a nonexclusive list, with no particular factor controlling, and we need not engage in an analysis concerning all seven factors. *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996). The last factor pertaining to the potential prejudice to the government need not be addressed unless the defendant first establishes a fair and just reason for withdrawing his plea. *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991).

Hickman has not presented a fair and just reason for withdrawal of his plea under Rule 11(d). Rather, the circumstances underlying the guilty plea weigh against allowing Hickman to withdraw his guilty plea. The district court exercised care to ensure that Hickman understood the permanence of the guilty plea, and the possibility that his sentence could be enhanced due to criminal offender status. The district court entrusted the government with the responsibility of summarizing the elements that must be proven in order to establish that Hickman is guilty of the charges set forth in the indictment, and the maximum and minimum penalties provided by law for the charged offenses. The government expressly advised Hickman that the government had filed a notice that he was subject to an enhanced sentence based on his prior felony drug convictions. The government also advised Hickman that as a result of the prior felony drug convictions he was classified as a career offender under the Guidelines, and that the resulting possible mandatory minimum sentence was 262 months and the potential maximum sentence was life in prison. Further, Hickman's failure to maintain his innocence weighs against granting his motion. Hickman signed a guilty plea, admitted to the factual basis for the crime at his plea hearing, and has failed to assert his innocence in his motion to withdraw his guilty plea. *United States v. Durham*, 178 F.3d 796, 798 (6th Cir. 1999) (explaining that the defendant's failure to maintain his innocence is a factor supporting denial of motion to withdraw). Accordingly, the district court did not abuse its discretion in denying Hickman's motion to withdraw his guilty plea.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the sentence imposed by the district court and we

**AFFIRM** the district court's denial of Hickman's motion to withdraw his guilty plea.