NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0124n.06

No. 16-2776

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Mar 12, 2018 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| DEMOND ANDREW BROWN, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| Defendant-Appellant. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**BEFORE: KEITH, KETHLEDGE, and DONALD, Circuit Judges.**

**DAMON J. KEITH, Circuit Judge.** Appellant Demond Brown pled guilty to one count of possession with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a) and (b)(1)(B)(iii). Brown appeals the district court's finding at sentencing that he qualified as a career offender under United States Sentencing Guidelines § 4B1.1, because none of his prior sentences at issue exceeded one year. Moreover, Brown contends that he received ineffective assistance of counsel at sentencing. For the following reasons, we disagree with both of Brown's arguments and affirm the district court's career offender finding and resulting sentence.

## I. BACKGROUND

On April 27, 2016, state and federal law enforcement officials obtained a search warrant for Demond Brown's ("Brown") residence. Brown shared this residence with his girlfriend.

During the search, law enforcement officials discovered approximately 35 grams of cocaine base in several locations throughout the residence. They also recovered a rifle, a loaded pistol, and approximately $2,600 in United States currency that was the proceeds of drug trafficking. Brown admitted that the firearms belonged to him, and that he intended to distribute the cocaine base to other people.

On June 29, 2016, a grand jury sitting in the Western District of Michigan returned a two-count Indictment, charging Brown with: (1) possession with intent to distribute more than 28 grams of cocaine base, in violation of 21 U.S.C. § 841(a) and (b)(1)(B); and, (2) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Government subsequently filed an Information and Notice of Prior Drug Conviction on July 26, 2016, which increased the resulting penalty to a minimum term of ten years' incarceration pursuant to 21 U.S.C. § 841(b)(1)(B). On September 1, 2016, Brown pled guilty to the drug count (Count One) of the Indictment, pursuant to a written plea agreement. Under the terms of the plea agreement, the Government agreed to dismiss the firearm count (Count Two) of the Indictment.

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"), which determined that Brown was a career offender under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1(a) as a result of two prior drug convictions in Michigan (hereinafter, "Michigan drug convictions"). The convictions were for delivery or manufacture of less than 50 grams of cocaine, in violation of Mich. Comp. Laws ("MCL") § 333.7401. One conviction occurred in 2013, the other in 2014. The career offender enhancement added nine points to Brown's Adjusted Offense Level of 28; after a three point reduction pursuant to U.S.S.G. § 3E1.1, Brown's Total Offense Level was 34. Notably, Brown

did not object to the PSR, but did file a sentencing memorandum and a motion for a downward variance.

At the sentencing hearing on December 13, 2016, Brown's counsel again requested a variance, but did not object to the application of the career offender enhancement or any other aspect of the guideline calculation. The district court found that the career offender enhancement was applicable to Brown, and that the resulting advisory guideline range was 262-327 months. Brown's counsel did not dispute this finding. After considering the 18 U.S.C. § 3553(a) sentencing factors and granting Brown's request for a downward variance, the district court imposed a below-Guidelines sentence of 240 months. Brown filed a timely notice of appeal on December 27, 2016.

## II.     DISCUSSION

### A.     Standard of Review

Generally, we review *de novo* the district court's legal determination that Brown's prior Michigan drug convictions qualify as controlled substance offenses for career-offender purposes. *See United States v. Evans*, 699 F.3d 858, 862 (6th Cir. 2012). Because he raises this objection for the first time on appeal, however, we review for plain error. *United States v. House*, 872 F.3d 748, 753 (6th Cir. 2017) (citing *United States v. Hickman*, 303 F. App'x 279, 281 (6th Cir. 2008)). To demonstrate plain error, Brown must show: "(1) that an error occurred in the district court; (2) that the error was plain, i.e., obvious or clear; (3) that the error affected defendant's substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Coppenger*, 775 F.3d 799, 803 (6th Cir. 2015) (citing *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc)).

Section 4B1.1(a) of the Sentencing Guidelines states:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). The Sentencing Guidelines define "controlled substance offense" as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

To determine whether a given conviction qualifies as a predicate offense under § 4B1.1(a), this court typically employs the "categorical approach." *House*, 872 F.3d at 753 (citing *Mathis v. United States*, 136 S. Ct. 2243, 2248-49 (2016)). However, where the statute of conviction is "divisible," meaning that it lists elements in the alternative such that the statute "comprises multiple, alternative versions of the crime," this court utilizes the "modified categorical approach." *Id.* (quoting *Descamps v. United States*, 570 U.S. 254, 261-62 (2013)). This approach requires sifting through the alternative elements to analyze whether any of them "matches an element in the generic offense," and if one does, "consult[ing] a limited class of documents . . . to determine which alternative formed the basis of the defendant's prior conviction." *Id.* (quoting *Descamps*, 570 U.S. at 257); *see also Mathis*, 136 S. Ct. at 2248-49.

**B.** **Analysis**

**1. The Michigan Drug Convictions Qualify as Predicate Offenses Under U.S.S.G. § 4B1.1(a)**

On appeal, Brown's primary contention is that the aforementioned Michigan drug convictions do not qualify as sufficient predicate offenses to trigger the career offender enhancement under U.S.S.G. § 4B1.1(a) because he was not sentenced to a period of imprisonment exceeding one year for either offense, and therefore, the offenses are not "controlled substance offenses" as defined by U.S.S.G. § 4B1.2(b). This argument is unavailing.

As a preliminary matter, Brown conceded in his sentencing memorandum that he is a career offender. Consequently, Brown has waived his right to challenge that finding on appeal. *See United States v. McBride*, 826 F.3d 293, 294-95 (6th Cir. 2016) ("A defendant waives the argument that a sentencing enhancement does not apply by 'explicitly agreeing' that it does . . . ." (citation omitted)). For this reason, the district court did not plainly err in finding that Brown is a career offender under § 4B1.1(a).

In any event, even if Brown had challenged this finding before the district court, he would have not succeeded. Brown's two Michigan drug convictions at issue are for delivery or manufacture of less than 50 grams of a controlled substance, in violation of Mich. Comp. Laws § 333.7401. Violation of this statute is a felony "punishable by imprisonment for not more than 20 years or a fine of not more than $25,000.00 or both." Mich. Comp. Laws § 333.7401(2)(a)(iv). This court has previously held–on multiple occasions after conducting a modified-categorical approach analysis–that a conviction for violating the aforementioned Michigan statute qualifies as a predicate offense under U.S.S.G. § 4B1.1(a). *See House*, 872 F.3d at 753-54; *United States v. Tibbs*, 685 F. App'x 456, 462-64 (6th Cir. 2017).

Accordingly, the district court did not err in finding that Brown's Michigan drug convictions were a sufficient trigger for the career-offender classification pursuant to U.S.S.G. § 4B1.1(a).

To the extent that Brown argues that the Michigan drug convictions do not qualify as felony predicate offenses because he was not sentenced to a period of imprisonment for either offense, this argument misses the mark.[1] U.S.S.G. § 4B1.2 defines "prior felony conviction" as "a prior adult federal or state conviction for an offense *punishable* by death or *imprisonment for a term exceeding one year*, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S.S.G. § 4B1.2 comment. (n.1.) (emphasis added); *see also United States v. Solomon*, 592 F. App'x 359, 361 (6th Cir. 2014) (holding that a defendant's prior felony conviction counted for purposes of the Sentencing Guidelines because it was punishable by imprisonment exceeding one year). Under Michigan law, both of Brown's Michigan drug convictions are expressly designated felonies and are punishable by up to twenty years' imprisonment. Mich. Comp. Laws § 333.7401(2)(a)(iv). Accordingly, we hold that the district court did not err in finding that Brown's Michigan drug convictions were felonies for the purposes of U.S.S.G. § 4B1.2.

Brown further contends that the Michigan drug convictions should not have scored any criminal history points, rendering them ineligible for career offender scoring purposes. Brown again relies on the notion that he did not serve a period of incarceration for these offenses. As an initial, factual matter, we have already noted that Brown's convictions at issue resulted in incarceration. Furthermore, as a legal matter, Brown's argument is inapposite.

---

[1] This argument is also factually incorrect, as Brown served periods of imprisonment as a result of both convictions. For the 2013 conviction, Brown was initially sentenced to six months in jail, with credit for 16 days served and the remainder suspended. Brown later received additional sentences of 5 days and 30 days, as wells as two consecutive weekends, for violating the terms of his probation. With respect to the 2014 conviction, Brown received a suspended sentence of one year; he later received additional sentences of 5 days and 30 days, and two consecutive weekends for this conviction as well, as a result of violating the terms of his probation.

A prior conviction cannot serve as a career offender predicate if the conviction does not score at least one criminal history point. U.S.S.G. § 4B1.2(c). In order for prior convictions to count, the prior convictions must be "counted separately under the provisions of § 4A1.1(a), (b), or (c)." *Id.* Under U.S.S.G. § 4A1.1, criminal history points are tallied as follows:

> (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
> (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
> (c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.

U.S.S.G. § 4A1.1. Notably, "[a] conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence." U.S.S.G. § 4A1.2(a)(3). Consequently, in the instant matter, Brown's Michigan drug convictions each warranted a criminal history point and were therefore properly scored under U.S.S.G. § 4A1.1(c).

Lastly, Brown maintains that the district court erred by relying on the PSR to determine whether Brown's Michigan drug convictions are adequate predicate offenses for the career offender enhancement. Brown contends that the only evidence in the record is the PSR's reliance upon a state court PSR, which cannot properly be utilized for a sentence enhancement under *Shepard v. United States*, 544 U.S. 13 (2005), and *United States v. King*, 853 F.3d 267 (6th Cir. 2017). In *Shepard*, the Supreme Court held that "where a prior conviction for violating a statute with alternative elements was the result of a plea, a court answering the [Armed Career Criminal Act] predicate question could attempt to identify the element underlying the conviction by consulting the plea-colloquy transcript, the written plea agreement, or 'a record of comparable findings of fact adopted by the defendant upon entering the plea.'" *King*, 853 F.3d at 272 (quoting *Shepard*, 544 U.S. at 20). Although Brown's argument is not entirely without merit, it still falls short of succeeding.

This court has held that "[b]y failing to object to the presentence report, [a defendant] accept[s] all of the factual allegations contained in it." *Vonner*, 516 F.3d at 385. Moreover, "a district court may rely on unchallenged PSR findings to establish the existence of prior convictions." *United States v. Hockenberry*, 730 F.3d 645, 666 (6th Cir. 2013) (emphasis omitted) (citing *United States v. Birdsong*, 330 F. App'x 573, 586 (6th Cir. 2009) (holding that a district court did not err in relying on a PSR when the defendant did not explicitly challenge "the correctness of any particular conviction identified in the report")). At the same time, this court has also determined that a district court could not rely on a factual description within a PSR to establish the specific nature of a defendant's conviction, even when the defendant failed to object to the PSR. *See United States v. Wynn*, 579 F.3d 567, 576-77 (6th Cir. 2009).

Notwithstanding, we find the instant matter analogous to the circumstances found in *Hockenberry*. In *Hockenberry*, this court found that the district court did not plainly err in finding sufficient proof for one of the defendant's prior convictions in reaching an Armed Career Criminal Act determination. 730 F.3d at 667. There, the district court relied on the PSR prepared for the defendant, which found that the defendant had numerous prior convictions, none of which the defendant challenged prior to sentencing. *Id.* Just as Brown conceded the existence of the Michigan drug convictions in his sentencing memorandum, the defendant in *Hockenberry* also conceded that he had been convicted of the prior offenses. *Id.* This court found that the district court in *Hockenberry* had a sufficient basis to find the existence of the predicate offense, *id.*, and we do the same here.

The matter currently before the court is also analogous to the circumstances found in *United States v. Thomas*, 13 F. App'x 233 (6th Cir. 2001). In *Thomas*, this court held that a district court did not plainly err by relying on (1) notice of a defendant's prior convictions filed

by the government and (2) a PSR discussing those prior convictions, to find that the defendant's prior convictions triggered the Armed Career Criminal Act's sentencing enhancement. *Id.* at 241-43. The defendant in *Thomas* did not object to the existence of the prior convictions as delineated in the government's notice, or in the PSR. *Id.* at 241. Here, as in *Thomas*, the government filed a notice of Brown's prior convictions at issue. Brown failed to object to the information regarding the Michigan drug convictions found in the government's notice, just as he failed to object to the PSR's depiction of the same facts. Under this court's rationale in *Hockenberry* and *Thomas*, it was not plain error for the district court to rely on the government's notice and the PSR to find that Brown's criminal history contained two career-offender predicate convictions.

Moreover, we find Brown's reliance on *King* to be misplaced because *King* addressed the issue of a district court's reliance on *Shepard* documents within the context of determining whether prior offenses were "committed on occasions different from one another" within the meaning of the Armed Career Criminal Act. *King*, 853 F.3d at 268-69. Whether Brown's prior offenses were committed on different occasions is far from the dispositive, or even relevant, question here. Consequently, we hold that the district court did not plainly err in relying on the PSR to determine that Brown's Michigan drug convictions were predicate offenses for career-offender classification under U.S.S.G. § 4B1.1(a).

## 2. Brown's Trial Counsel Was Not Constitutionally Ineffective

Brown further asserts that his trial counsel was constitutionally ineffective for failing to challenge the career offender calculation. This argument is unavailing. This court generally refrains from addressing ineffective assistance of counsel claims on direct appeal, except in rare cases where "the record is adequate to assess the merits of defendant's allegations." *United*

9

*States v. Southers*, 866 F.3d 364, 371 (6th Cir. 2017) (quoting *United States v. Bradley*, 400 F.3d 459, 462 (6th Cir. 2005)). Here, we find that the record in this matter is sufficient for review of Brown's ineffective assistance of counsel claim.

To succeed on an ineffective assistance of counsel claim, Brown must demonstrate that his trial "counsel's performance (1) 'fell below an objective standard of reasonableness' and (2) was prejudicial, i.e., 'but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Franklin*, 415 F.3d 537, 556 (6th Cir. 2005) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). For the reasons discussed above, Brown was properly sentenced as a career offender. Brown clearly met all three conditions necessary to be sentenced as a career offender pursuant to U.S.S.G. § 4B1.1(a). Therefore, any objections to the career offender calculation would have been without merit. *See United States v. Martin*, 45 F. App'x 378, 381-82 (6th Cir. 2002) ("Failure of trial counsel to raise wholly meritless claims cannot be ineffective assistance of counsel." (citing *Strickland*, 466 U.S. at 686-87)).

Furthermore, Brown's trial counsel successfully secured a sentencing variance, which resulted in a sentence 22 months below the low-end of the applicable Guidelines range. Accordingly, Brown cannot establish either constitutionally deficient performance or actual prejudice under *Strickland*, and his claim for ineffective assistance of counsel must fail.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's sentence in this matter.