RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 17a0191p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 15-6303

SHANNON L. FERGUSON,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Eastern District of Tennessee of Chattanooga.
No. 1:14-cr-00061-1—Curtis L. Collier, District Judge.

Decided and Filed:  August 22, 2017

Before:  BATCHELDER, ROGERS, and WHITE, Circuit Judges.

---

## COUNSEL

**ON BRIEF:**  Erin P. Rust, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, Chattanooga, Tennessee, for Appellant.  Luke A. McLaurin, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee.

---

## OPINION

---

ALICE M. BATCHELDER, Circuit Judge.  Shannon Ferguson pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Before his sentencing, the district court found that at least three of Ferguson's previous convictions were violent felonies that triggered the Armed Career Criminal Act's ("ACCA") mandatory minimum sentence of fifteen years' imprisonment.  18 U.S.C. § 924(e)(1).  The parties' arguments focus on eight prior convictions, each of which occurred in Tennessee.  Three convictions were for burglary, in

violation of Tenn. Code Ann. § 39-14-402, and five convictions were for aggravated burglary, in violation of Tenn. Code Ann. § 39-14-403.  On appeal, Ferguson asserts that none of his prior convictions count as predicate offenses for purposes of the ACCA.  Although he is correct that some of his prior convictions are not predicate offenses, three are.  Accordingly, for the following reasons, we AFFIRM the district court's judgment.

Ferguson's prior convictions for aggravated burglary no longer count toward a finding that he is an armed career criminal.  Sitting en banc, our court recently overruled a decade-old precedent and held that Tennessee's aggravated burglary statute sweeps more broadly than the generic definition of burglary and, therefore, may not be counted as a predicate offense.  *United States v. Stitt*, 860 F.3d 854, 860–61 (6th Cir. 2017) (en banc) (overruling *United States v. Nance*, 481 F.3d 882 (6th Cir. 2007)).

Ferguson's prior convictions for burglary, however, do count toward a finding that he is an armed career criminal.  Our existing precedent compels this holding.  *See United States v. Priddy*, 808 F.3d 676, 684–85 (6th Cir. 2015).  Tennessee's burglary statute provides that

> (a) A person commits burglary who, without the effective consent of the property owner:
>
>> (1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault;
>>
>> (2) Remains concealed, with the intent to commit a felony, theft or assault, in a building;
>>
>> (3) Enters a building and commits or attempts to commit a felony, theft or assault; or
>>
>> (4) Enters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony, theft or assault or commits or attempts to commit a felony, theft or assault.
>
> . . .
>
> (c) Burglary under subdivision (a)(1), (2) or (3) is a Class D felony.
>
> (d) Burglary under subdivision (a)(4) is a Class E felony.

Tenn. Code Ann. § 39-14-402.  The Supreme Court has defined "generic burglary" as "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990).  In *Priddy*, we held that all

Class D burglary convictions under Tennessee law—that is, convictions under subsections (a)(1), (a)(2), or (a)(3) of the Tennessee burglary statute—fit within the generic definition of burglary and are therefore violent felonies for purposes of the ACCA. *Priddy*, 808 F.3d at 684–85. The judgments in Ferguson's burglary convictions indicate that he was thrice convicted of the Class D variant of Tennessee burglary. Accordingly, *Priddy* dictates that his three burglary convictions are violent felonies, and the district court's finding that he is an armed career criminal was proper.

Ferguson argues that *Priddy* incorrectly held that § 39-14-402(a)(3) fits within the generic definition of burglary because it allows a defendant to be convicted of burglary if he enters a building and then forms the requisite intent to commit a crime while inside. He builds this argument on the foundation of a comment made by the district court during the sentencing hearing. Although the district court expressed some sympathy for Ferguson's argument, the hearing occurred shortly before we decided *Priddy*.

*Priddy* controls. One panel of this court may not overrule the decision of another panel; only the en banc court or the United States Supreme Court may overrule the prior panel. *See Salmi v. Sec'y of Health & Human Servs.*, 774 F.3d 685, 689 (6th Cir. 1985). As it so happens, the en banc court in *Stitt* did comment on *Priddy*, but not in a way that assists Ferguson. In *Stitt*, we explicitly overruled *Nance*. We also indicated that *Priddy*'s holding concerning aggravated burglary relied on the binding precedent set by *Nance* but "did not expand further on *Nance*'s reasoning." *See Stitt*, 860 F.3d at 861 n.4. *Stitt* has therefore abrogated *Priddy*'s holding on aggravated burglary. *Cf. id.* at 863 (Boggs, J., concurring) (explaining that the court overruled *Nance* but not mentioning *Priddy*). Nothing in *Stitt*, however, undermined *Priddy*'s holding on burglary. Accordingly, we hold that *Priddy*'s burglary analysis remains controlling, governs here, and compels us to find that Ferguson's prior Tennessee burglary convictions are violent felonies. Because he has three such convictions, the district court properly sentenced him as an armed career criminal. We therefore AFFIRM the judgment of the district court.