NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0667n.06

**FILED**

Nov 30, 2017

DEBORAH S. HUNT, Clerk

No. 17-5230

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| STEPHEN D. LESTER | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: GUY, MOORE, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. While in pretrial detention in Tennessee jail for murder and other crimes, Stephen Lester was federally indicted for a felony-firearm offense and placed in federal custody pursuant to a federal detainer. He pled guilty to the federal crime, and while waiting for a sentencing hearing he remained in federal custody. During that time, he stood trial for the Tennessee crimes and was sentenced for them. He argues that his transfers from federal custody to Tennessee custody for state trial, before his federal proceedings were completed, required dismissal of the federal indictment under the anti-shuttling provision of the Interstate Agreement on Detainers (IAD), 18 U.S.C. App. 2, § 2, art. IV(e). There was no violation, however, because the anti-shuttling provision of the IAD does not apply to confinement in temporary facilities prior to assignment to imprisonment in a state correctional facility. Lester's other argument, regarding his federal sentence under the Armed Career Criminal Act, is also

without merit. His prior state convictions—for Tennessee aggravated robbery and attempted aggravated robbery—qualified as "crimes of violence" under binding precedents of this court.

Stephen Lester robbed, shot, and killed a man in 2013. A Tennessee grand jury subsequently charged Lester with first-degree and felony murder, especially aggravated robbery, and conspiracy to commit aggravated robbery. After Lester failed to appear in court, the state issued a warrant for his arrest. Chattanooga police offers arrested Lester as authorized by that warrant and placed him in the Hamilton County Jail. In a search incident to that arrest, officers found a loaded pistol on Lester's person. A federal grand jury subsequently indicted Lester for possessing that firearm as a felon, in violation of 18 U.S.C. § 922(g)(1).

The United States filed a detainer against Lester with the Hamilton County Sheriff's Office. Shortly thereafter, Tennessee transferred Lester into federal custody in accordance with a writ of habeas corpus ad prosequendum. After his arraignment, Lester remained in federal custody at the Hamilton County Jail. Lester pleaded guilty to the federal firearm charge.

Lester was then taken back to state court to stand trial for the first-degree felony murder and especially aggravated robbery charges, where a jury found him guilty of both. At the close of those proceedings, the court sentenced Lester to a mandatory life sentence for the felony-murder conviction, but continued the case for a sentencing hearing on the robbery count and to dispose of remaining charges. After trial, Lester remained in federal custody at the Hamilton County Jail.

Some time later, while awaiting his federal sentencing on the firearm charge and his state sentencing on the robbery charge, Lester moved to dismiss the federal indictment, claiming that the federal government had violated the anti-shuttling provision of the IAD when it transferred him into state custody to stand trial for the murder and robbery. The district court denied the

motion, concluding that, even though Lester had been "shuttled" between federal and state court while his federal charge remained pending, the IAD did not apply to him because he had not "entered upon a term of imprisonment" as the IAD requires to prohibit shuttling. The court relied on *United States v. Taylor*, 173 F.3d 538, 540 (6th Cir. 1999), and *Jenkins v. United States*, 394 F.3d 407, 413 (6th Cir. 2005), to rule that the anti-shuttling provision of the IAD applies only to individuals who have entered upon a term of imprisonment at "the state facility to which [they are] ultimately assigned, not the local facility in which [they] sit[] awaiting transfer." The court reasoned that Lester had only been detained at various county jails and had not yet been transferred to the facility where he is "ultimately assigned" to serve his sentence.

Lester's federal case proceeded to sentencing. The presentence report found that, based on two prior convictions for Tennessee aggravated robbery and one for attempted aggravated robbery, Lester was an armed career criminal under the ACCA. Lester objected, arguing that Tennessee robbery does not qualify as a violent felony because it can be committed without the use of violent physical force. Lester also argued that Tennessee robbery could be committed recklessly, which would also prevent its being a predicate offense under the ACCA. The district rejected both arguments, on the grounds that our decision in *United States v. Mitchell*, 743 F.3d 1054 (6th Cir. 2014), held that Tennessee robbery categorically requires the use of violent physical force, and that the text of Tennessee's aggravated robbery statute plainly does not cover reckless conduct. The district court sentenced Lester to 180 months' imprisonment, the minimum under the ACCA.

Lester now appeals, arguing that the district court erred when it denied his motion to dismiss based on the IAD and when it sentenced him under the ACCA. These contentions are without merit.

First, the district court correctly denied Lester's motion to dismiss based on the IAD. That compact—an agreement between 48 states (including Tennessee), the federal government, and the District of Columbia designed to "minimize . . . interruption of the prisoner's ongoing prison term[,]" *Alabama v. Bozeman*, 533 U.S. 146, 148 (2001)—contains an "anti-shuttling" provision, which provides:

> If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to article V(e) hereof, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

18 U.S.C. App. 2, § 2, art. IV(e). Lester claims that he was "shuttled" in violation of the IAD when the federal government, after having received him from state custody, returned Lester back to state custody for trial on his murder and robbery charges before his federal case had concluded. But the IAD applies only to individuals who have "entered upon a term of imprisonment." *United States v. Taylor*, 173 F.3d 538, 540 (6th Cir. 1999). Lester has not. Here Lester was returned to state custody before he was tried or sentenced on any state charges. In *Jenkins v. United States*, 394 F.3d 407 (6th Cir. 2005), we explained that "a prisoner has not entered a term of imprisonment, and therefore the IAD is not triggered, until he has been transferred to the state facility to which he is ultimately assigned, not the local facility in which he sits awaiting transfer to that facility." *Id.* at 413 (internal quotation marks and brackets omitted). When the alleged violation occurred, Lester was not housed in a correctional facility to which he was "ultimately assigned." Therefore, the district court correctly recognized that the federal government did not violate the IAD because its detainer against Lester was not subject to the requirements of that agreement.

Lester's argument to the contrary fails entirely to address the binding *Taylor* and *Jenkins* holdings relied upon by the district court. To be sure, other courts have held that rights under Article IV of the IAD attach even though a prisoner is serving his sentence at a temporary facility, *see, e.g.*, *United States v. Small*, 209 F. Supp. 2d 1114, 1121 (D. Colo. 2002), but we have explicitly rejected that position. In *Taylor*, we noted that there was "sharp disagreement among courts as to whether the IAD is triggered when a detainer is lodged against a convicted and sentenced prisoner who is being held in temporary custody pending a transfer to his permanent incarceration." 173 F.3d at 541. After examining cases on each side of the split, we held that the anti-shuttling provision of the IAD is triggered only by a prisoner's reaching his ultimately assigned destination. *Id.* We reasoned that that rule better comports with the purpose of the IAD: minimizing the interruption of correctional programs, which typically do not occur at temporary facilities. *Id.* Lester would have us disagree with that decision, but "[o]ne panel of this court may not overrule the decision of another panel." *United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017) (citing *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985)). Binding circuit precedent therefore forecloses Lester's argument.

Second, the district court appropriately enhanced Lester's sentence under the ACCA because Tennessee aggravated robbery cannot be committed in a nonviolent way. The ACCA prescribes a 15-year mandatory-minimum sentence for any defendant who violates 18 U.S.C. § 922(g) and has three prior "violent felony" or "serious drug" convictions. *See* 18 U.S.C. § 924(e). Violent felonies include short a list of enumerated crimes (which are not at issue here) and any other felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). In *Johnson v. United States*, 559 U.S. 133 (2010), the Supreme Court held that "the phrase 'physical force' means *violent*

force—that is, force capable of causing physical pain or injury to another person." *Id.* at 140. Lester's predicate offenses—aggravated robbery and attempt of it—both necessarily involved the use of violent physical force. In *United States v. Mitchell*, 743 F.3d 1054 (6th Cir. 2014), we held that any violation of Tennessee's robbery statute, which criminalizes "the intentional or knowing theft of property from the person of another by violence or putting the person in fear," Tenn. Code Ann. § 39-13-401, categorically required the use, attempted use, or threatened use of violent physical force and is therefore a predicate offense under the ACCA. 743 F.3d at 1058–60. Tennessee's aggravated robbery statute, at issue here, incorporates those same elements but requires either that the robbery be "[a]ccomplished with a deadly weapon" (or the appearance of one) or that "the victim suffer[] serious bodily injury." Tenn. Code Ann. § 39-13-402(a). If, as we held in *Mitchell*, a mine-run robbery under Tennessee law always involves violent physical force, 743 F.3d at 1058–60, then its aggravated counterpart—the same crime, but committed with a deadly weapon or resulting in serious bodily injury—must also involve violent physical force. Tennessee aggravated robbery is therefore a "violent felony" under the use-of-force clause of the ACCA, and Lester appropriately received an enhanced sentence under that statute.

Lester argues that *Mitchell* is wrongly decided in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and various Tennessee state-court decisions, but that is incorrect. In *Mathis*, the Supreme Court, in holding that Iowa's burglary statute was not a predicate offense under the enumerated-crimes clause, discussed the distinctions between indivisible and divisible statutes and between "elements" of a crime and enumerated factual "means" of committing a crime. *Id.* at 2248–51, 2256–57. But that is all beside the point: whether or not Tennessee's robbery statutes are indivisible, as Lester argues, does not affect *Mitchell*'s holding that both variants of Tennessee robbery—either using violence or putting a

person in fear of violence—meet the violent-physical-force requirement of the ACCA's use-of-force clause as interpreted by *Johnson*. *See* 559 U.S. at 140; *Mitchell*, 743 F.3d at 1059. Lester's state-law arguments also fail: he has pointed to no post-*Mitchell* Tennessee state-court decision holding that Tennessee robbery can be committed without the use, attempted use, or threatened use of violent physical force. *Mitchell* therefore continues to govern.

Lester's final argument—that Tennessee aggravated robbery is not a predicate offense under the ACCA because it can be committed recklessly—is squarely foreclosed by the statutory text. Tenn. Code Ann. § 39-13-402 defines aggravated robbery as "robbery [as] defined in § 39-13-401," which in turn defines robbery as "the *intentional or knowing* theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401 (emphasis added). Based on a plain reading of that statute, a mens rea of recklessness is clearly insufficient to commit robbery in Tennessee. Lester points to *United States v. McMurray*, 653 F.3d 367 (6th Cir. 2011), but that case is readily distinguishable. *McMurray* dealt with Tennessee's aggravated assault statute, which criminalizes conduct that "[i]ntentionally, knowingly, or *recklessly* causes bodily injury to another[.]" *Id.* at 372 (emphasis added). Unlike the aggravated assault statute at issue here, that statute explicitly covers reckless conduct. There is simply no room for a similar argument that aggravated robbery can be committed recklessly, so Lester's enhanced sentence under the ACAA stands.

The judgment of the district court is affirmed.