NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

Case No. 16-6404

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Jun 13, 2018

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| JOHN T. DAVIS, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: BOGGS, CLAY, and DONALD, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** Defendant-Appellant John T. Davis pleaded guilty to illegal possession of ammunition by a felon and was sentenced under the Armed Career Criminal Act ("ACCA") to 180 months' imprisonment. Davis now contends that his Tennessee burglary conviction cannot serve as an ACCA predicate offense due to this Circuit's rulings in *United States v. Priddy*, 808 F.3d 676 (6th Cir. 2015), and *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc), as well as a Tennessee gang enhancement statute in place at the time of his sentencing. For the reasons that follow, we reject Davis' arguments and **AFFIRM** his sentence.

**I.**

On March 14, 2012, Davis was arrested by Ripley, Tennessee Police Officers on an outstanding warrant and transported to Lauderdale County Jail. Upon searching Davis, correction officers recovered a bag from his pocket containing one .22 caliber round, one .380 caliber round, and six 9mm rounds. Davis initially said the ammunition was left over from a hunting trip with friends. However, he later admitted that he had been out drinking and shooting guns.

On December 20, 2012, Davis pleaded guilty to illegal possession of ammunition by a felon, in violation of 18 U.S.C. § 922(g). In 2013, Davis was sentenced as a career offender under the ACCA to 180 months' imprisonment. The Presentence Investigation Report ("PSR") clarified that Davis' career-offender status was based on three Tennessee felony convictions: burglary of a building, aggravated assault, and robbery. At sentencing, Davis did not object to his ACCA classification or the PSR. Davis' attorney also conceded that Davis had "three prior convictions for a violent felony or drug offense, one of the qualifying felon[ies] being burglary of a building." RE 25, PageID# 30-31; RE 36, PageID #95; *see also Davis v. United States*, No. 14-cv-02201 (W.D. Tenn. 2014).

After sentencing, Davis filed an untimely notice of appeal, which this Court dismissed. *United States v. Davis*, No. 13-6091 (6th Cir. Dec. 16, 2013). Davis then filed a 28 U.S.C. § 2255 motion to have his sentence vacated, set aside, or altered and to allow the filing of a late notice of appeal. *Davis*, No. 14-cv-02201. The district court in that action held an evidentiary hearing and found that Davis received ineffective assistance of counsel when his attorney failed to file an appeal, as Davis had requested. *Id.* Davis then filed the operative notice of appeal. Davis also filed a motion to reconsider the judgment granting in part his § 2255 motion, seeking to expand the scope of his appeal and challenge his ACCA status, *Davis*, No. 14-cv-02201. The district

court denied Davis' challenge. *Id.* After this Court published its en banc decision in *Stitt*, Davis unsuccessfully moved the district court to reconsider that denial. *Id.*

Davis now appeals his sentence, arguing that his Tennessee burglary conviction can no longer stand as an ACCA predicate offense in light of *Stitt*. Davis also argues that if a Tennessee state enhancement statute was applied, it could transform a non-ACCA burglary into a predicate offense without regard to the underlying conduct.

## II.

The district court's jurisdiction in this action arose from 18 U.S.C. § 3231, as Davis was indicted by a federal grand jury for a federal offense—illegal possession of ammunition by a felon in violation of 18 U.S.C. § 922(g). We have jurisdiction under 28 U.S.C. § 1291 after Davis' late notice of appeal that was authorized by the district court in *Davis*, No. 14-cv-2201.

## III.

Typically, we review de novo a district court's determination that an offense constitutes a "violent felony" under the ACCA. *United States v. Mitchell*, 743 F.3d 1054, 1058 (6th Cir. 2014). However, we apply "a plain-error standard of review where . . . a defendant fails to raise a claim during the sentencing procedures." *United States v. Lumbard*, 706 F.3d 716, 720 (6th Cir. 2013).[1] We review a district court's factual findings at sentencing, including findings as to the existence of prior convictions, for clear error. *United States v. Crowell*, 493 F.3d 744, 748 (6th Cir. 2007).

---

[1] As discussed below, Davis argues that we ought not apply plain-error review because a district court found his counsel at sentencing ineffective. But that court only admonished Davis' counsel for failure to file a timely appeal—not for any other representation conduct. We therefore need not relax our standard of review due to the district court's finding.

**IV.**

**A.**

Davis first argues that *Mathis v. United States*, 136 S.Ct. 2243 (2016), and *Stitt* require reversal of his sentence. Davis reasons that *Stitt* held that Tennessee's aggravated-burglary statute was broader than generic burglary and indivisible for ACCA purposes.

Davis' initial argument—which generally analogizes Tennessee burglary with the Iowa statute at issue in *Mathis*—is without merit. The statute at issue in *Mathis* indivisibly criminalized unlawful entry into "any building, structure, [or] land, water, or air vehicle." 136 S.Ct. at 2250 (citing Iowa Code § 702.12). Because of that language, *Mathis* held that the Iowa statute was broader than generic burglary and that convictions under that section could not serve as ACCA predicates. *Id.* at 2257. While Tenn. Code Ann. § 39-14-402(a)(4) similarly criminalizes entry into "any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle" with criminal intent, it is set off—and thus divisible—from §§ 39-14-402(a)(1)-(3), which do not similarly expand on the federal system's definition of generic burglary. In *Priddy*, this Court established that violations under § 39-14-402(a)(1), (a)(2), or (a)(3) qualify as generic burglary because they each involve "unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime," *Taylor v. United States*, 495 U.S. 575, 599 (1990), and violations of § 402(a)(4) do not qualify, 808 F.3d at 684-85. Thus, *Mathis* plainly does not imply that Tennessee burglary convictions are not ACCA predicate offenses.

Davis' next argument—that *Stitt* abrogated *Priddy*, thereby rendering his Tennessee burglary conviction a non-predicate offense—is also unavailing. In *United States v. Ferguson*, 868 F.3d 514 (6th Cir. 2017), we held that *Stitt* abrogated *Priddy*'s holding on aggravated burglary only, leaving its generic burglary analysis intact. *Id.* at 515-16. *Ferguson* found that the defendant

there was convicted of the Class D variant of Tennessee burglary, that such Class D burglary convictions under Tennessee law fit within the definition of generic burglary under *Priddy*, and that *Priddy* still controls. *Ferguson*, 868 F.3d at 515.

*Ferguson* also addressed an argument Davis raises for the first time in his Reply[2]: that § 39-14-402(a)(3) cannot fit within the definition of generic burglary because it lacks the proper intent element. Though the district court in *Ferguson* seemed to credit this argument, this Court dismissed it, citing *Priddy*. *Id.* As we noted in *Ferguson*, "[o]ne panel of this court may not overrule the decision of another panel; only the en banc court or the United States Supreme Court may overrule the prior panel." *Id.* (citing *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985)). Thus, we are bound by both *Priddy* and *Ferguson*. Under each, Davis' conviction still fits within the definition of generic burglary and is therefore a violent felony for ACCA purposes.

B.

Davis next argues that, even if this Court continues to accept *Priddy*'s analysis of Tennessee burglary—as we must—he is still entitled to relief due to a Tennessee enhancement statute in effect at the time of his sentencing. Tennessee's Criminal Sentencing Reform Act of 1989 created an enhancement that upgraded the classification of any violation of state law committed by a defendant in the perpetration of a "criminal gang offense." Tenn. Code Ann. § 40-35-121. It defined a criminal gang offense as any violation of Tennessee law committed:

> (A) During the perpetration of which the defendant knowingly causes, or threatens to cause, death or bodily injury to another person or persons and specifically includes rape of a child, aggravated rape and rape; or

---

[2] *See United States v. Abboud,* 438 F.3d 554, 589 (6th Cir. 2006) ("An argument first presented to the Court in a reply brief is waived.").

(B) That results, or was intended to result, in the defendant receiving income, benefit, property, money or anything of value from the illegal sale, delivery or manufacture of a controlled substance or firearm.

*Id.* Davis submits that the scope of the enhancement regime encompasses burglary offenses, so long as the commission of that burglary involved a criminal gang offense.

If sentenced under the enhancement statute, a defendant was to be "punished one (1) classification higher than the classification established by the specific statute creating the offense committed." *Id.* at § 40-35-121(c). Davis states that Tennessee judges had no discretion in sentencing under the enhancement statute and that an affirmative finding resulted in a reclassification of the underlying conviction, not a separate conviction. As Davis' argument goes, a defendant could commit a Class E burglary—which, according to *Priddy*, would signify a violation of § 39-14-402(a)(4), a non-ACCA predicate—and then be convicted of Class D burglary if the enhancement statute applied. For example, if a factfinder determined that a defendant committed a Class E burglary of an automobile for the purposes of joining a criminal gang, Davis argues, that state conviction would be for a Class D burglary—despite the underlying facts giving rise to the Class E offense. Davis argues that because *Stitt* held—in his determination—that Tennessee's burglary statute is indivisible, thereby precluding a modified categorical analysis, the district court could not have concluded that Davis' Tennessee burglary conviction is an ACCA predicate without relying on the Class E, Class D distinction. Davis' argument fails for multiple reasons.

First, *Stitt* only held that Tennessee's *aggravated*-burglary statute was indivisible, not its generic burglary statute. 860 F.3d at 862. And this Court has elsewhere affirmatively held that "Tennessee robbery statutes are divisible." *United States v. Mitchell*, 743 F.3d 1054, 1066 (6th Cir. 2014). *Stitt* did not change this. 860 F.3d at 862 ("Our review confirms that Tennessee's

*aggravated*-burglary statute is indivisible.") (emphasis added). Thus, a modified categorical approach to Tennessee's burglary statute remains possible.

Second, as the Government notes, *Priddy* simply noted that distinguishing between Class E and Class D felonies is an "easier way" to determine whether a defendant violated §§ 39-14-402(a)(1)-(3) or (a)(4). 808 F.3d at 685. Thus, the fact that the enhancement statute might have transformed a Class E felony into a Class D felony does not mean that the offense would automatically qualify as an ACCA predicate offense under *Priddy*. In a case where a defendant's ACCA predicate offense was a Class E felony enhanced by § 40-35-121, defendants have ample opportunity to ensure that the classification system does not unwarrantedly subject them to ACCA enhancement.

Third, there is no controversy as to what crime Davis actually committed. Indeed, the PSR specifically indicates that Davis was convicted of burglary of a building, *see* RE 25, PageID #30-31; RE 36, PageID #95, and he repeatedly acknowledged that he committed burglary of a building, and career-offender status. *See also United States v. Birdsong*, 330 F. App'x 573, 586 (6th Cir. 2009) (holding that a district court did not err in relying on a PSR when the defendant did not specifically challenge "the correctness of any particular conviction identified in the report"); *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc) ("By failing to object to the presentence report, [a defendant] accept[s] all of the factual allegations contained in it."); *United States v. Carter*, 355 F.3d 920, 925 (6th Cir. 2004) ("The district court is allowed to accept as true all factual allegations in a presentence report to which the defendant does not object.") (citation omitted); *United States v. Thomas*, 13 F. App'x 233, 241 (6th Cir. 2001) (holding that, absent objections at sentencing, a district court could rely on a PSR to establish the existence of prior convictions for an ACCA enhancement). Davis attempts to avoid these facts by arguing that the

§ 2255 district court ruled that his counsel was ineffective, thereby negating counsel's acknowledgement of his crimes. This argument goes too far. Even a cursory review of that proceeding shows that Davis' only argument for ineffective assistance was failure to file a timely appeal. *See Davis*, No. 14-cv-02201. Indeed, that is the only ground that the court addressed in finding that Davis received ineffective assistance. *Id.* And prior to counsel's failure to file an appeal—including after Davis' counsel acknowledged that Davis had burglarized a building— Davis stated that he was satisfied with the representation he received. Moreover, Davis' brief affirmatively states that the district court "held that [Davis'] trial counsel was ineffective in that she failed to file a notice of appeal as requested . . . ." (Appellant's Br. at 3.) The judgment in Davis' Circuit Court of Lauderdale County action also lists "Burglary: Building" as the underlying offense. *Davis*, No. 14-cv-02201 at RE 33-1.[3]

Even ignoring the deficiencies inherent in Davis' argument—his lack of objection to the PSR, his career-offender classification, and his conviction, and the fact that the Tennessee burglary statute remains divisible under existing precedent and does not rely solely on the state felony classification distinction—Davis concludes his argument by requesting an impossible remedy: "for this Honorable Court to overrule *Priddy* and its progenies . . . ." (Appellant's Br. at 23.) Again, we cannot.

## V.

We are bound by both *Priddy* and *Ferguson*. Under each, Davis' conviction still fits within the definition of generic burglary. Thus, the district court did not err in sentencing him under the

---

[3] Though Davis argues that Tennessee's enhancement statute "theoretically converts a [C]lass E burglary into a [C]lass D burglary," (Appellant's Br. at 11), we need not discuss this theoretical proposition. It is unclear if Davis was ever sentenced under that statute and all evidence before the Court indicates that he was not. *See* PSR at 16; *Davis*, No. 14-cv-02201 at RE 33-1.

ACCA and Davis' cited precedent does nothing to alter that determination. We **AFFIRM** Davis'

sentence and deny the Government's pending motion as moot.