**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0362n.06

No. 14-6158

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 15, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff–Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| VICTOR J. STITT, II, | ) | |
| | ) | **OPINION** |
| **Defendant–Appellant.** | ) | |
| | ) | |

**Before: MOORE and COOK, Circuit Judges; PEARSON, District Judge.**[*]

MOORE, J., delivered the opinion of the court in which PEARSON, D.J., joined.
COOK, J., concurs in the judgment only.

**KAREN NELSON MOORE, Circuit Judge.** This case returns to us following the United States Supreme Court's decision in *United States v. Stitt*, 139 S. Ct. 399 (2018). In our original disposition of this case, we affirmed Defendant-Appellant Victor J. Stitt's sentence under the Armed Career Criminal Act ("ACCA") after his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). *United States v. Stitt*, 637 F. App'x 927, 928 (6th Cir. 2016). Stitt's sentence was based on six convictions for Tennessee aggravated burglary. *Id.* at 931–32. We also affirmed the district court's denial of Stitt's motion to suppress and rejected Stitt's challenge to the district court's venue. *Id.* at 929–30. Sitting en banc we subsequently vacated our decision and judgment, *see* 646 F. App'x 454 (6th Cir. 2016), and then reversed as to

---

[*] The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

Stitt's ACCA designation, *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc). We concluded that because Tennessee's aggravated burglary statute covered burglary of tents, cars, or "self-propelled vehicle[s]," it was broader than generic burglary[1] and thus could not serve as a predicate offense. *Stitt*, 860 F.3d at 860–61. The Supreme Court then reversed the en banc decision, concluding that the generic definition of "burglary" under the ACCA included "burglary of a structure or vehicle that has been adapted or is customarily used for overnight accommodation." *Stitt*, 139 S. Ct. at 403–04. On remand, we once again consider Stitt's ACCA designation. For the reasons set forth below, we affirm Stitt's sentence under the ACCA. Additionally, because neither the en banc decision nor the Supreme Court's decision in *Stitt* calls into question this panel's original resolution of Stitt's venue or suppression claims, we reissue those sections (Parts II and III) of our panel decision in full. *See Stitt*, 637 F. App'x at 929–30; *see also Stitt*, 139 S. Ct. at 403–04 (considering the scope of "generic burglary" under the ACCA); *Stitt*, 860 F.3d at 856–57 (explaining that Stitt's petition for rehearing en banc was granted to resolve Stitt's claim under the ACCA).

## I. FACTUAL BACKGROUND

In 2011, Stitt was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). R. 1 (Indictment) (Page ID #1). Following a jury trial, Stitt was found guilty of the charged offense. R. 92 (Verdict) (Page ID #395). The pre-sentence

---

[1]The Supreme Court has defined generic burglary under the ACCA as being "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990).

investigation report ("PSR") noted that, among other convictions, Stitt had six convictions for Tennessee aggravated burglary. R. 100 (PSR ¶¶ 24, 28) (Page ID #429–30, 432). The PSR identified those convictions as predicate offenses under the ACCA, thus triggering the ACCA's fifteen-year minimum sentence requirement. *Compare* 18 U.S.C. § 924(e)(1) (mandating a fifteen-year sentence for individuals with three or more predicate offenses under the ACCA), *with id.* § 924(a)(2) (mandating a ten-year statutory maximum for felon-in-possession convictions). At sentencing, the district court overruled Stitt's objections to his ACCA designation and imposed a 290-month sentence. R. 113 (Judgment at 2) (Page ID #504). Stitt appealed.

## II. DISCUSSION

Throughout the proceedings of this case, Stitt has argued that Tennessee's aggravated burglary statute is broader than generic burglary for three distinct reasons. First, in his opening brief before the original panel, Stitt asserted that because a person may be convicted of aggravated burglary by passively, as opposed to affirmatively, deceiving the owner of the property to gain entrance into a habitation, and generic burglary requires, at a minimum, some "affirmative" act, Tennessee aggravated burglary is not a predicate offense. *See* Appellant Br. at 34–42. Second, Stitt contended that Tennessee's definition of "habitation" under Tennessee Code Annotated § 39-14-401 was broader than generic burglary because it covered burglaries of cars, tents, or other movable structures. Reply Br. at 8. Finally, in his reply brief before the en banc court, Stitt argued that because Tennessee aggravated burglary may be committed "recklessly," as opposed to just "knowingly" or "intentionally," Tennessee aggravated burglary could not form the basis of Stitt's ACCA enhancement. Appellant En Banc Reply Br. at 6–7.

The Supreme Court's decision in *United States v. Stitt* clearly forecloses Stitt's second argument regarding Tennessee's "habitation" definition. *Stitt*, 139 S. Ct. at 403–04. As for Stitt's third (mens rea) argument, Stitt did not raise this claim in his original briefing before this panel and, indeed, articulated it for the first time in a *reply* brief before the en banc court. Stitt's argument did not rely on any new law or statute that was unavailable to him in his original petition and Stitt has not provided any explanation for his failure to raise this issue either before the original panel or in his initial en banc brief. Consequently, Stitt has forfeited this claim, and we need not address it. *United States v. Abboud*, 438 F.3d 554, 589 (6th Cir. 2006) (refusing to address the merits of an argument raised for the first time in a reply brief). This leaves Stitt's claim that because a defendant can commit aggravated burglary by entering or remaining in a habitation either by affirmative or passive acts, it is broader than generic burglary and therefore cannot form the basis of his ACCA designation. Although this argument is not necessarily prohibited by the Supreme Court's resolution of Stitt's appeal,[2] we nonetheless conclude it is meritless.

"We review *de novo* a district court's determination that a defendant should be sentenced as an armed career criminal." *United States v. Vanhook*, 640 F.3d 706, 709 (6th Cir. 2011). In

---

[2]After all, the Supreme Court examined only the "relevant language" of Tennessee's definition of "habitation" and did not consider the scope of other aspects of Tennessee's aggravated burglary or burglary statutes. *See Stitt*, 139 S. Ct. at 406. True, we have also recently held in *United States v. Ferguson*, 868 F.3d 514, 515–16 (6th Cir. 2017), that, per *United States v. Priddy*, 808 F.3d 676 (6th Cir. 2015), Tennessee burglary constitutes generic burglary under *Taylor*. However, *Ferguson* did not consider the question raised by Stitt in this appeal: whether Tennessee's definition of "consent" renders burglary (and therefore aggravated burglary) broader than generic burglary, *see Ferguson*, 868 F.3d at 515 (rejecting the defendant's argument that Tennessee burglary is broader "because it allows a defendant to be convicted of burglary if he enters a building and then forms the requisite intent to commit a crime while inside").

support of his argument, Stitt primarily relies upon the plain language of Tennessee's burglary statute and a relatively recent decision by the Tennessee Supreme Court, *State v. Pope*, 427 S.W. 3d 363 (Tenn. 2013), in which the court interpreted the requirements of aggravated burglary. Under Tennessee law, "[a]ggravated burglary is burglary of a habitation as defined in §§ 39-14-401 [defining 'habitation'] and 39-14-402 [defining 'burglary']." Tenn. Code Ann. § 39-14-403. When §§ 39-14-402 and 39-14-401 are combined, therefore, an individual commits aggravated burglary in Tennessee if, "without the effective consent of the property owner," he does any of the following: (1) enters a habitation with intent to commit a felony, theft, or assault; (2) remains concealed in a habitation with intent to commit a felony, theft, or assault; or (3) enters a habitation and commits or attempts to commit a felony, theft, or assault. *See* Tenn. Code Ann. § 39-14-402(a)(1)–(a)(3).[3] Stitt's claim on appeal focuses on the "without the effective consent of the property owner" language, which is applicable to all subsections.

"Effective consent" refers to "assent in fact, whether express or apparent," but not if "[i]nduced by deception or coercion." Tenn. Code Ann. § 39-11-106(a)(9)(A). "Deception" includes: (1) "[c]reat[ing] or reinforc[ing] a false impression by words or conduct, including false impressions of fact, law, value or intention or other state of mind that the person does not believe

---

[3]Section 39-14-402(a)(4) also prohibits someone from entering "any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony, theft or assault or commits or attempts to commit a felony, theft or assault." However, because aggravated burglary applies only to burglaries of habitations and not to general structures that are not adapted for overnight use, *Stitt*, 139 S. Ct. at 406, "burglary of a habitation" does not encapsulate § 39-14-402(a)(4)'s prohibition on entering these other, non-adapted, structures. Consequently, we limit our discussion to the provisions of § 39-14-402(a)(1)–(a)(3).

to be true"; (2) "[p]revent[ing] another from acquiring information which would likely affect the other's judgment in the transaction"; and (3) "[f]ailing to correct a false impression of law or fact the person knows to be false" and the person either created the falsity or knows the falsity is likely to influence another person. *Id.* § 39-11-106(a)(6)(A)(i)–(iii). The Tennessee Supreme Court has further explained that because an individual may commit aggravated burglary by *either* "creating or reinforcing" a victim's misconception or "failing to correct a false impression of law or fact," Tennessee law criminalizes aggravated burglary by both affirmative and passive acts of deception, respectively. *Pope*, 427 S.W. 3d at 370–71 (internal quotation marks omitted); *see also* Appellee En Banc Br. at 19–20 (agreeing with this general statement of law).

Importantly, the *Pope* court later qualified its holding, explaining that although passive deception may suffice for aggravated burglary, a defendant does not commit burglary if he merely fails to correct a victim's false impression concerning the defendant's *intent*. *See Pope*, 427 S.W. 3d at 374 ("[E]ven if the victim could have formed a false impression that the Defendant intended to enter his residence for the purpose of purchasing a drink, our statute does not allow for a conviction based upon the Defendant's failure to correct the victim's false impression of his intention."). "To hold otherwise would mean that in order to obtain 'effective consent' from a property owner, a defendant would have to announce his or her criminal intent prior to obtaining the owner's permission to enter a habitation." *Id.*

Based on this definition of "deception" vis à vis Tennessee's requirement that burglary (and aggravated burglary) be committed "without the effective consent of the property owner," Stitt asserts that Tennessee aggravated burglary is broader than generic burglary because generic

6

burglary requires an "affirmative" act, i.e., "breaking and entering."  Appellant Br. at 35–36 (explaining that the "unlawful entry" requirement in generic burglary means "entry along the lines of breaking and entering" (internal citation omitted)).  For support, Stitt relies almost entirely on the Supreme Court's discussion of the categorical and modified categorical approaches in *Descamps v. United States*, 570 U.S. 254 (2013).  However, the Court in *Descamps* did not comprehensively define generic burglary; rather, the Court merely concluded that California's burglary statute, which did not require *any* unlawful or unprivileged entry (either by affirmative or passive acts of deception), did not constitute generic burglary.  *See id.* at 258–59; Cal. Penal Code Ann. § 459 (providing that a "person who enters" certain locations "with intent to commit grand or petit larceny or any felony is guilty of burglary").  Because California's statute did not require any "unlawful or unprivileged entry into, or remaining in, a building or structure," the Court concluded that it was broader than generic burglary.  *Descamps*, 570 U.S. at 261, 264–65.

Nonetheless, Stitt points to the Court's various statements in *Descamps* to the effect that the California statute is unlike generic burglary because generic burglary "generally demand[s] breaking and entering or similar conduct," suggesting that this proves generic burglary and "unlawful entry" must be committed with some affirmative act.  Appellant Br. at 35 (quoting *Descamps*, 570 U.S. at 259).  Although the Supreme Court in *Descamps* did discuss "unlawful entry" in general terms of "breaking and entering," we are unconvinced by Stitt's argument.  As noted above, the Supreme Court was not presented with—and therefore did not provide any holding regarding—the fine distinctions between "unlawful entry" and "breaking and entering or similar conduct" or between passive and affirmative acts of deception.  *See Descamps*, 570 U.S.

at 259.  Rather, because the California statute did not require *any* unlawful or unprivileged entry and therefore applied to shoplifters who were undoubtedly permitted and privileged to enter and remain in the establishments where they were, a conviction under California's statute was not an ACCA predicate offense.  *Id.*

Similarly, although "breaking and entering" plausibly corresponds to "affirmative" acts, such as active deception, nothing in *Descamps* necessarily suggests that "affirmative" acts are the *only* way a person may "break" into, unlawfully enter, or remain in a habitation.  *See id.* (noting that "unlawful entry" generally includes "breaking and entering *or similar conduct*" (emphasis added)).  If that were so, the *Taylor* Court presumably would have adopted the common-law definition of burglary, which was limited to "breaking and entering."  *See Taylor*, 495 U.S. at 592–93.  Of course, the Court expressly declined to do that.  *Id.* at 593 (explaining that over the years, "[m]ost other States have expanded this definition to include entry without a 'breaking'").  Moreover, unlawfully "remaining in" a building with the intent to commit a felony, undoubtedly an ACCA-predicate "burglary," is *itself* largely passive.

Additionally, the very reason Congress included "burglary" as an enumerated felony—to punish thefts that are more likely to lead to violent confrontations—is readily applicable to situations where an individual uses "passive" acts of deception to unlawfully enter or remain in a building.  *See Taylor*, 495 U.S. at 588.  Indeed, because such actions will often require the defendant to interact with the owner of a habitation, any subsequent burglary could certainly lead to a "violent confrontation" when the owner realizes the defendant's true intent.  *Stitt*, 139 S. Ct. at 406.  And regardless of the method of entry, the offender's awareness of a potential

confrontation suggests that "he is prepared to use violence if necessary to carry out his plans or to escape." *Taylor*, 495 U.S. at 588. No part of *Descamps*'s holding regarding California's burglary statute leads us to conclude that an individual who utilizes a victim's confusion about his identity to burglarize the victim's habitation is any less a "violent felon" than someone who, for instance, picks the lock.

Furthermore, on its face, Tennessee's definition of "deception" and "without consent" necessarily encompasses acts that are either "unprivileged" or "unlawful," thus bringing them within the generic definition of burglary. As the Tennessee Supreme Court has explained, if an individual fails to correct a victim's incorrect assumption about the defendant's identity and the victim subsequently allows the defendant into his home, the defendant has entered "without effective consent"; such an "entry" would be both "unlawful" and "unprivileged." *Pope*, 427 S.W. 3d at 373. Similarly, even if a defendant enters a residence after realizing that the owner mistakenly believes him to be another person and *then* forms the intent to burglarize the house, the defendant would necessarily be "remaining in" the house in an "unlawful" or "unprivileged" way with "intent" to commit a felony. *See State v. Wesemann*, No. 03C01-9407-CR-00260, 1995 WL 605442, at *2 (Tenn. Ct. Crim. App. Oct. 16, 1995) ("Criminal intent does not have to occur either prior to or simultaneously with the entry."); *see also Quarles v. United States*, 139 S. Ct. 1872, 1879 (2019) ("[W]e interpret remaining-in burglary under § 924(e) to occur when the defendant forms the intent to commit a crime at any time while unlawfully present in a building or structure."). And as the Supreme Court reminded us in *Quarles*, when interpreting state statutes, we should not "seiz[e] on modest state-law deviations from the generic definition of burglary."

*Quarles*, 139 S. Ct. at 1880. Rather, "so long as the state law in question 'substantially corresponds' to (or is narrower than) generic burglary, the conviction qualifies under § 924(e)." *Id.* (quoting *Taylor*, 495 U.S. at 602). Such is the case here.

Finally, although other Circuits have not dealt with the particular nuances of "affirmative" versus "passive" acts of deception, they have generally concluded that when someone enters a building "without consent" and with the intent to commit a burglary, they have necessarily entered the building "unlawfully" pursuant to generic burglary. *See United States v. McArthur*, 850 F.3d 925, 938 (8th Cir. 2017) (determining that a Minnesota statute which forbids "entering a building without consent and with intent to . . . commit any felony or gross misdemeanor" qualified as generic burglary); *United States v. Mungro*, 754 F.3d 267, 270 (4th Cir. 2014) (concluding that because North Carolina's statute prohibited breaking *or* entering without the consent of the owner, it constituted generic burglary, even post-*Descamps*); *United States v. Ramirez-Flores*, 743 F.3d 816, 822 & n.5 (11th Cir. 2014) (interpreting the Sentencing Guidelines and equating entry "without consent" to generic burglary depending on the definition of "dwelling"); *United States v. Bonilla*, 687 F.3d 188, 192–93 (4th Cir. 2012) (concluding that a person has committed generic burglary when he or she "enters a building or habitation and commits or attempts to commit a felony, theft, or an assault . . . without the effective consent of the owner" (internal quotation marks omitted)).

For all the reasons set forth above, we therefore conclude that, despite Tennessee burglary's inclusion of both "passive" and "affirmative" acts of deception within its statutory framework, Tennessee aggravated burglary categorically constitutes generic burglary. Consequently, Stitt was

correctly designated as a career offender under the ACCA, and we once again affirm his conviction and sentence.

### III.  CONCLUSION

For the reasons set forth above, we **AFFIRM** Stitt's conviction and sentence.  We reissue Parts II and III of our panel decision affirming the denial of Stitt's motion to suppress and rejecting his venue claim, and affirm his 290-month sentence.  *See Stitt*, 637 F. App'x at 929–30.