NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0038n.06

No. 24-3711

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>JEFFREY ROGERS,<br><br>    Defendant-Appellant.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO<br><br>OPINION</td></tr>
</table>

**FILED**
Jan 27, 2025
KELLY L. STEPHENS, Clerk

Before: WHITE, READLER, and MATHIS, Circuit Judges.

PER CURIAM. Jeffrey Rogers challenges the constitutionality of 18 U.S.C. § 922(n), which prohibits a "person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." Because we have held that § 922(n) does not violate the Second Amendment on its face, *see United States v. Gore*, 118 F.4th 808, 814-17 (6th Cir. 2024), we **AFFIRM** the district court's judgment.

In February 2021, Rogers was charged in the Trumbull County Court of Common Pleas with discharging a firearm into a habitation, a second-degree felony. During a traffic stop on May 7, 2022, when Rogers was still under indictment in that case, law enforcement officers discovered a loaded firearm in the truck that he was driving.

A federal grand jury subsequently returned an indictment charging Rogers with receiving a firearm and ammunition while under indictment, in violation of § 922(n). Rogers moved to

dismiss the indictment, arguing that § 922(n) violates the Second Amendment on its face. After the district court denied his motion, Rogers pleaded guilty to the indictment, reserving the right to appeal the district court's order denying his motion to dismiss. The district court sentenced Rogers to three months of imprisonment followed by three years of supervised release, the first seven months of which was to be served in home detention. This timely appeal followed.

Rogers brings a facial challenge to the constitutionality of § 922(n), arguing that § 922(n) regulates conduct within the Second Amendment's scope and that there is no historical tradition of similar firearm regulation. *See N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17 (2022). Since Rogers filed this appeal, however, we have held that § 922(n) does not violate the Second Amendment on its face because it is "relevantly similar" to "the founding-era practice of pretrial detention[.]" *Gore*, 118 F.4th at 814. Rogers argues that *Gore* was wrongly decided for at least two reasons, asserting that pretrial detention is not a historical firearm regulation and that there is a categorical mismatch between people detained pending trial and those released pending trial. But we "may not overrule the decision of another panel; only the en banc court or the United States Supreme Court may overrule the prior panel." *United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017).

Because Rogers's appeal is foreclosed by *Gore*, we **AFFIRM** the district court's judgment.